Wolcott v. Lawrence County.

---

WOLCOTT, Plaintiff in Error, v. LAWRENCE COUNTY, Defendant in Error.

1. In erecting county buildings the county courts must strictly pursue the provisions of the act concerning county buildings. (R. C. 1845, p. 286; R. C. 1855, p. 498.)

2. No recovery can be had against a county on a *quantum meruit* for erecting a court-house for the county; a recovery, if had at all, must be had upon a special contract entered into in conformity to the provisions of the act providing for erecting county buildings. (R. C. 1845, p. 286.)

*Error to Lawrence Circuit Court.*

The error complained of in this case is the sustaining of a demurrer to the following petition: "Plaintiff states that said county of Lawrence owes him the sum of $1883.25, the balance due him for building a court-house on the public square in the town of Mount Vernon, in said county of Lawrence, the permanent seat of justice of said county, and furnishing the materials for the building said house; that he built said house under the direction and supervising control of Samuel M. Anderson, superintendent, and of the county court of said county; and at the May term of said county court, he delivered said house, fully completed, to said county court for the use of said county, at the special request of said county, who then and there promised to pay plaintiff what it was reasonably worth to furnish the materials and build said house, whereby the said county became liable to plaintiff to pay him what it was reasonably worth to furnish the materials and build said court-house as aforesaid. Plaintiff says that the furnishing the said materials and building said house was reasonably worth the sum of $7629.90; that said county of Lawrence has paid at different times to plaintiff therefor sums of money amounting in the aggregate to the sum of $5,745.95; that the said balance amounting to the said sum of $1,883.95 is yet due plaintiff; that said county neglects and refuses to pay plaintiff said balance. Plaintiff therefore prays judgment for the said sum of $1,883.25 against said county of Lawrence, and as in duty bound, &c.

"And plaintiff further states that at the time he delivered said house to said county court, as before stated, the said county court, on behalf of said county and plaintiff, entered into an agreement of record to refer the question of how much ought to be allowed plaintiff as the balance for building said house to two men from each municipal township in said county, as will fully appear by reference to a copy of said record of agreement herewith filed; that at the time and place named in said submission all the arbitrators named in

said submission except two met, and the justices of said county court and said plaintiff also being present, it was then and there agreed between said justices of said court and plaintiff that the arbitrators then and there present should proceed to determine what the said plaintiff ought to have as the balance for furnishing materials and building said house; and plaintiff further avers that said arbitrators then so met as aforesaid, neither party requiring them to be sworn, did then and there hear the proofs upon the said question, and did then and there render their award in favor of plaintiff, whereby they did then and there allow plaintiff the sum of $950; which said award the said court afterwards refused and still refuses to abide by; and, although often requested to abide by said award and grant a warrant on the county treasurer of said county for the amount so awarded as aforesaid, the said court refused and still refuses to do so, whereby the said county of Lawrence became liable to plaintiff for the said sum of $950, so awarded as aforesaid; a copy of which said award is herewith filed and made an exhibit in this cause. Plaintiff states that said court, in behalf of said county, made and entered into said agreement to submit said question to arbitrators as aforesaid, in consideration of plaintiff's delivering to them the said house as aforesaid. Plaintiff prays judgment for the said sum of $950, so awarded as aforesaid, together with all legal interest thereon; and as in duty," &c.

*F. P. Wright*, for plaintiff in error.

I. The county courts are agents of the counties. The plaintiff under contract with the county court furnished materials and built the court-house. It has been received without objection. The people of the county are using, occupying and enjoying it. It is a well settled rule of law, as well as of justice, that where an agent does an act for the use of his principal, and the principal enjoys the benefits and fruits of the act, it is too late for him to say that the act was not legal or was not by his authority. The principal may ratify the

unauthorized act of the agent.  The county, acting through the county court, may do the same.  (Ruggles v. Washington County, 3 Mo. 348.)

II. The suit is properly brought against the county, the work having been done for the county, and accepted and enjoyed by the county.  (5 Indiana, 31.)  The county, having accepted the work, would be liable on an implied promise to pay as much as the work was really worth.  (Lomax v. Baily, 7 Black. 599.)  In the present case there was an express promise to pay.

*Ewing*, for defendant in error.

I. For general purposes and with respect to many things the county court has a large discretion.  As to the subject matter of this proceeding, nothing is left to its discretion. (R. C. 1845, p. 287.)  The statutory authority must be pursued.  It is apparent from the petition that none of the requirements of the act have been complied with.  (See Story on Agency, § 165, 199, 200, 307 ; 7 Monr. 581 ; Lee v. Monroe, 7 Cranch, 366 ; 1 Mo. 427 ; McDonald v. Franklin Co. 2 Mo. 176 ; Delafield v. Illinois, 2 Hill, 175 ; United States v. Ames, 1. Wodb. & Min. 90.)

RICHARDSON, Judge, delivered the opinion of the court.

The county court is only the agent of the county, and, like any other agent, must pursue its authority and act within the scope of its power.  In respect to many things that concern the county, it has a large discretion ; but in reference to the erection of county buildings its authority is defined by a public law, and is special and limited.  It can not act like general agents, whose acts may bind their principals if performed within the general scope of their agency, though in violation of private instructions unknown to those who deal with them.; for it has no power over the subject except such as is given by law ; and every person who deals with the county court, acting in behalf of the county, is bound to know the law that confers the authority.  There is no differ-

ence in this respect between public and private agents; and if the county court exceeds its special and limited authority, conferred by the statute, in a material matter, the county will not be bound.

The act concerning county buildings (R. C. 1845, p. 286) regulates the whole subject. The manifest policy of the act was to prevent the embarrassment of counties by the erection of buildings more costly than their necessities require, and the incurring of liabilities beyond their ability to pay. The first step to be taken by the county court, before proceeding to the erection of a county building, is to ascertain that sufficient funds are in the treasury unappropriated, or that the circumstances of the county otherwise permit; and then to make an order appropriating a certain sum for the purpose, which shall cover the maximum cost; and the contract price can not exceed the amount appropriated. This provision was evidently suggested by the universal experience that the cost of public works generally exceeds the estimate; and there would be no safeguards for the funds or credit of a county if the public buildings were let out to be built by contract and the price left to be determined according to the value of the work after its completion.

When the county court is satisfied that " sufficient funds are in the treasury or that the circumstances of the county will otherwise permit, it may order the erection of a building, stating in the order the amount to be expended for that purpose, and shall appoint a suitable person to superintend the work, who shall take an oath faithfully to discharge his duties." (Section 4.) It is made the duty of the superintendent to submit to the county court a plan of the building to be erected, the dimensions thereof, and the materials of which it is to be composed, with an estimate of the probable cost thereof. (Sec. 10.) When the plan is approved by the court the superintendent shall advertise for receiving proposals for erecting such building, " and shall contract with the person who will agree to do the work on the lowest terms, not exceeding the amount appropriated." (Sec. 11.) The

superintendent shall take from the undertaker a bond to the county with sufficient security for the performance of the work at such time and in such manner as shall be agreed upon according to the plan. (Sec. 12.) It is the duty of the superintendent to overlook and direct the execution of the work, to see that the materials are good and the work executed according to contract, and shall make report of the progress and condition thereof from time to time to the county court. (Sec. 13.) When any instalments shall become due to the contractor according to the contract, the county court shall make an order that the same be paid out of the county treasury. (Sec. 14.) But no such order shall be made unless the superintendent shall certify that a due proportion of the work has been completed according to contract. (Sec. 15.)

This law is the warrant of attorney to the county court. All its provisions are plain, and the contractor, before he undertakes the work, as he deals with an agent whose powers and duties are prescribed, ought to see that the agent is pursuing its authority; for the agent can not bind the county except as it is commanded or permitted to do. If the agent of a private person produced to a builder a power of attorney authorizing him to contract for building a house of certain dimensions and the cost not to exceed a given sum, and in the face of his authority should contract for a house of a different kind and at a greater cost, no one would pretend that the contract would bind the principal unless he subsequently ratified it; and it is only the application of this familiar rule that we apply to this case. If any effect is to be given to the law at all, its plain directions must be followed, and to allow a manifest departure from them would not only be a violation of an established rule that governs the relation of principal and agent, but would remove all the restrictions which the law has imposed upon the county court in contracting debts to be paid by the county.

The petition in this case does not aver a contract of any kind with the county court, but the plaintiff seeks to recover

upon a *quantum meruit*. In our opinion the county is not liable upon an implied promise. The acceptance of the building by the county court did not help the plaintiff, for the ratification must come from the principal; (Delafield v. Illinois, 2 Hill, 175;) and if the county was not liable for the claim as stated in the petition it was not bound by the award. The demurrer was properly sustained, and the judgment will be affirmed; the other judges concurring.