THE STATE EX REL. FRANK DIETRICH V. CHARLES H. DAUES ET AL. Judges of St. Louis Court of Appeals.

Court en Banc, August 6, 1926.

**1. SALARY: County Treasurer: Appeal.** Under the statutes the county treasurer is not entitled to an appeal from an order of the county court fixing his salary.

**2. ——: ——: Reasonable and Just: Discretion: Judicial Review.** The power to prescribe a salary as an incident to a public office is legislative in character, and the power to fix the salary of the county treasurer the Legislature has delegated to the county court, and the only limitation upon the power is that the compensation must be such "as may be deemed just and reasonable," and what is just and reasonable is committed to the discretion of the county court and to it only, and its action in the exercise of that discretion is not subject to judicial review, for the reason that neither the statute which confers the discretion nor any other authorizes such review; and the ruling of the Court of Appeals that from an order of the county court fixing the salary of the county treasurer an appeal lies to the circuit court contravenes many decisions of this court.

**3. ——: ——: Arbitrary Reduction: Injunction.** It is error to dismiss the injunction suit of the county treasurer on the ground that he has an adequate remedy at law by appeal, where his petition charges that the order of the county court reducing his salary was arbitrarily, corruptly and fraudulently made and seeks to enjoin the judges of the court from enforcing it.

———————

Corpus Juris-Cyc. References: **Counties,** 15 C. J., Section 167, p. 503, n. 31 New.

*Certiorari.*

RECORD QUASHED.

*Albert Miller* and *R. E. Kleinschmidt* for relator.

(1) In holding that the county court had jurisdiction and authority to fix relator's salary after he had filed an affidavit in accordance with the provisions of Sec. 2575, R. S. 1919, alleging prejudice and interest on the part of two of the members of the county court, the Court of Appeals contravened controlling decisions of the Supreme Court. State ex rel. v. Stanton, 235 Mo. 222; Ex parte Howell, 273 Mo. 120; Secs. 2575, 2345, R. S. 1919. (2) In holding that the county court could fix relator's salary at whatever sum it saw fit, regardless of what the admitted evidence in the case showed to be just and reasonable, the opinion and decision of the Court of Appeals is in direct conflict with controlling decisions of the Supreme Court. Denny v. Jefferson County, 272 Mo. 436; State ex rel. v. Lafayette Co. Court, 41 Mo. 222; State ex rel. v. Public Schools, 134 Mo. 296; State ex rel. v. Adcock, 206 Mo. 550; Bayless v. Gibbs, 251 Mo. 506; Osborne v. U. S. Bank, 22 U. S. 738, 6 L. Ed. 204; Sec. 9536, R. S. 1919. (3) In holding that the county court in fixing relator's salary was not governed or limited by the undisputed evidence introduced in the case in regard to what sum constituted a just and reasonable compensation, the opinion and decision of the Court of Appeals is in direct conflict with controlling decisions of the Supreme Court. State ex rel. v. Bailey, 272 S. W. 921; State ex rel. v. Hamilton, 279 S. W. 33.

*Chas. J. White* for respondents.

(1) The decision of the Court of Appeals is not in conflict with Sec. 2575, R. S. 1919. There is nothing in that section providing for the filing of an affidavit of interest or prejudice. State ex rel. v. Stanton, 235 Mo. 222, cannot be applied to this case. In the case at bar and in the affidavit for a change it was not shown that the judges were personally interested in the property or matter in controversy, or related to one so interested. Ex parte Howell, 273 Mo. 96, in no way parallels the instant one. (2) Petitioner contends that the Court of Appeals, in holding that the county court could fix petitioner's salary at whatever sum it saw fit, said Court of Appeals is in direct conflict with the case of Denny v. Jefferson County, 272 Mo. 436. That case is far different from the one at bar. That case was a suit brought by taxpayers to enjoin and set aside an order of the county court designating a certain bank as depositary of county

funds. The other cases cited by petitioner, that of State ex rel. v. Lafayette County Court, 41 Mo. 222; State ex rel. v. Public Schools, 134 Mo. 296; State ex rel. v. Adcock, 206 Mo. 550; Bayless v. Gibbs, 251 Mo. 492, are either cases similar to the Denny case or cases not in point or either *quasi*-criminal cases, hence could not control the decision of the Court of Appeals in the instant case. (3) Petitioner in his third point, complains that the decision of the Court of Appeals in holding that the fixing of relator's salary was not governed or limited by the undisputed evidence, as to what constituted a just and reasonable compensation, is in direct conflict with the Supreme Court decisions of State ex rel. v. Bailey, 272 S. W. 921, and State ex rel. v. Hamilton, 279 S. W. 33. State ex rel. v. Bailey was a suit to collect prosecuting attorney's salary on the ground that Section 574, Laws 1921, was unconstitutional. The only two points decided in that case was the unconstitutionality of that section, and that the Supreme Court will take judicial notice of drift of population from rural districts to cities. State ex rel. v. Hamilton, is like the case above mentioned, being a mandamus suit to compel County Court of Crawford County, to pay circuit clerk of that county more money, because Section 606, Laws 1921, was declared to be unconstitutional.

RAGLAND, J.—Relator seeks to quash the opinion and judgment of the St. Louis Court of Appeals in the consolidated case of Frank Dietrich v. N. W. Brickey, Presiding Judge, et al. and In re Dietrich, County Treasurer, reported in 277 S. W. 615, on the ground that certain rulings therein conflict with the decisions of this court. The rulings in question and the facts and issues on which they are based appear from the following portions of the opinion:

"By agreement, the above cases have been consolidated. The first is an appeal from the County Court of Jefferson County to the circuit court of said county, from an order reducing the salary of the Treasurer of Jefferson County from $1500 per year to $1000 per year. The other is an injunction suit filed in the Circuit Court of Jefferson County, Missouri, by said Treasurer, Frank Dietrich, seeking to enjoin and restrain, and asking that the order of the county court reducing his salary as Treasurer of Jefferson County, Missouri, be set aside and for naught held.

"Both cases were submitted to the trial court upon an agreed statement of facts. The trial court decided the injunction suit first, dismissing same because there was no equity in that case, for the reason plaintiff had a legal remedy at law, that of appeal, which he had already taken. In the appeal case from the county court, the circuit court affirmed the judgment and order of the county court,

on the grounds that the county court legally had the right to reduce the salary of the county treasurer.

"From the above judgment, appellant, in due time, perfected his appeal to this court. . . .

"In the equity suit to restrain the county judges from enforcing the order of the county court reducing the treasurer's salary, the petition recites that plaintiff is the duly elected and qualified Treasurer of Jefferson County, Missouri, elected in 1920 for a term expiring December 31, 1924; that defendants are the presiding and district judges respectively of Jefferson County, Missouri; that on November 10, 1916, the County Court of Jefferson County, by order of record, after hearing evidence as to what would be a just and reasonable compensation for the services of treasurer of the county, fixed compensation at $1500 per annum; that said compensation has been paid said officer since said date until December 18, 1923; that on the 5th day of December, 1923, defendants issued a citation served on plaintiff requiring him to appear before the county court on said date last mentioned, and to show cause why his salary as treasurer should not be reduced; that on the 18th day of December, 1923, plaintiff appeared before said court in answer to said citation and filed his affidavit, alleging that defendants, or at least a majority of them, were interested in the subject-matter of the proceedings, and were biased and prejudiced against plaintiff; said affidavit prayed that said cause be certified to the circuit court in accordance with the provisions of Section 2575, Revised Statutes 1919; that two of the defendants arbitrarily and illegally by order of record of said county court overruled said affidavit and motion and proceeded to hear testimony concerning the compensation of plaintiff as treasurer; that plaintiff appeared at the hearing and produced four reputable. disinterested and competent witnesses, each of whom testified as to his familiarity with the duties, responsibilities, and services of plaintiff as treasurer, the amount of bond required and given by him and that $1500 per annum was a just and reasonable compensation for said services, and that any sum less than that amount would not be a just and reasonable compensation; that at the hearing there was absolutely no evidence of any sort showing or tending to show that the sum of $1000 or any other amount less than $1500 would be a just and reasonable compensation; that said two judges, at the conclusion of the testimony on the 18th day of December, 1923, caused the following order to be entered of record on the records of the County Court of Jefferson County, Missouri:

" 'The court after hearing the evidence and being fully advised in the premises, finds that the compensation now allowed to the County Treasurer of Jefferson County is more than just and rea-

sonable, and that $1000 per annum is a just and reasonable allowance to said county treasurer for his services.

" 'It is therefore ordered, adjudged and decreed by the court that said county treasurer be allowed as compensation for said services at the rate of $1000 per annum from this date.'

"That plaintiff has been treasurer of the county since January 1, 1917, faithfully discharging his duties, and that $1500 per annum is a just and reasonable compensation for his services as such officer, and that $1000 per annum or any amount less than $1500 is not a just and reasonable compensation; that said order reducing plaintiff's salary was contrary to the facts and to all of the evidence produced at the hearing; that the finding was the result of spite, hatred and ill-will of the said two judges; that the action of said court was not the exercise of lawful discretion pertaining to its judicial function as granted by Section 9536, Revised Statutes 1919, but was the corrupt, fraudulent, malicious, arbitrary and illegal action of the said defendants as justices thereof, sitting as a court and using its forms to oppress, unjustly and illegally deprive plaintiff of his just compensation.

"It is then prayed that the said order fixing plaintiff's salary be set aside and declared null and void, and that said two judges be enjoined and restrained from enforcing said order and judgment, and that they be directed and ordered to rescind and set aside the same. . . .

"This suit is one in equity. That the order complained of was appealable is conceded by both sides, and for that matter an appeal was actually taken from that order. The remedy by appeal was a legal remedy, adequate and proper. [State ex rel. v. Hill, 272 Mo. 206, 198 S. W. 844.] Applying the law to the foregoing facts, plaintiff's petition was properly dismissed because it has no equity in it. But the treasurer appealed from the order of the county court fixing his compensation at one thousand instead of fifteen hundred dollars per year, as it was formerly fixed. . . .

"The issues thus presented and involved before the circuit court were: . . .

"2. Should the motion of the defendants be sustained and the appeal dismissed?

"3. And, finally, was the action of the county court fixing the compensation of the treasurer so capricious, arbitrary or oppressive as to warrant the circuit court in a trial *de novo,* in assuming the duty of the county court and itself fixing the compensation of the treasurer? . . .

"The motion to dismiss the appeal is founded on reasons and grounds not appearing on the face of the record or insufficiently appearing there. The motion attempted to forestall the opinion of

the circuit court on the law of the case before it was properly reached. That motion was properly overruled.

"The vital question remaining is whether or not the facts authorized the circuit court to reverse the order of the county court and fix the compensation of the treasurer at a higher sum than that fixed by the county court."

With respect to the last·question the court announced its conclusions as follows:

"The county court is charged with the duty to set the salary of the treasurer at a sum which it, the county court, may deem right and just. It may do so without witnesses appearing at all. In this case the court allowed the officer to produce testimony as to what was a reasonable salary. The county court could resort to other information, comparative figures, etc., to make up a proper decision. It is not recorded that the county court must actually produce witnesses whose testimony would comport with its views of the amount justly to be fixed, and, unless the amount of salary fixed is so at war with reason as to clearly show that the action of the court was malicious or definitely arbitrary, its action cannot be disturbed by a higher court."

From the foregoing it appears that the Court of Appeals held: (1) that an appeal will lie from an order of the county court fixing the salary of the county treasurer; (2) that on such appeal the circuit court, on a trial *de novo,* may itself fix the salary at such sum as it deems just and reasonable, if it finds that the action of the county court was "capricious, arbitrary or oppressive" with respect thereto; and (3) that such an appeal furnishes an adequate remedy for a county treasurer whose salary has been reduced by the county court through "spite, hatred·and ill-will," and whose action in so doing was "corrupt, fraudulent, malicious, arbitrary and illegal."

The statute authorizing the county court to fix the salary of the county treasurer is as follows: "Unless otherwise provided by law, the county court shall allow the treasurer for his services under this article such compensation as may be deemed just and reasonable, and cause warrants to be drawn therefor." [Sec. 9536, R. S. 1919.]

An order made pursuant to this section is not an "account against a county" within the purview of Section 2589, Revised Statutes 1919. If therefore an appeal from it lies, its authorization must be found in the provision of Section 2436, which confers upon circuit courts "appellate jurisdiction from the judgments and orders of county courts." This provision applies only to judgments and orders which are in their nature susceptible of a trial anew in the circuit court (Sec. 2584, R. S. 1919)—to cases which partake in some respect of the characteristics of a suit at law or in equity, and in which the circuit court can hear the evidence and from that enter up a judgment of its own. "In other words, the appeal can only be

taken when the judgment or order appealed from is judicial." [St. Louis Ry. Co. v. St. Louis, 92 Mo. 160.]

It requires no citation of authority to show that the power to prescribe a salary as an incident to a public office is purely legislative in character. That power as respects the office of county treasurer the Legislature has delegated to the county court, the agency most familiar with the fiscal affairs and financial condition of the county, as well as the services required to be performed by the treasurer—which may vary in different counties and at different times in the same county. The only limitation upon the power is that the compensation allowed thereunder be such as may be deemed just and reasonable. What is just and reasonable in a given case is committed to the discretion of the county court and to it only. Its action in the exercise of that discretion is not subject to judicial review, for the simple reason that neither the statute which confers the discretion nor any other makes it so.

The ruling of the Court of Appeals that an appeal lies from such an order of the county court as the one involved in the case which it had under consideration contravenes many of the decisions of this court Among them, these: St. Louis Ry. Co. v. St. Louis, supra; Sheridan v. Fleming, 93 Mo. 321, 325; Aldridge v. Spears, 101 Mo. 400, 405; Scott County v. Leftwich, 145 Mo. 26, 33.

Relator in his bill in equity did not ask the circuit court to review the action of the county court and substitute its judgment for that of the county court, in determining what would be a just and reasonable compensation for his services as treasurer; he sought to have the order of the county court reducing his salary *vacated* and *set aside,* and the court *enjoined from enforcing it,* on the ground that it was made arbitrarily, corruptly and fraudulently, and not in the exercise of an honest discretion. His bill was dismissed on the theory that he had an adequate remedy at law, in that he could appeal from the order. He was thus denied a hearing on the merits through the erroneous ruling as to the right of appeal.

Because of the conflict of decision heretofore pointed out the opinion and judgment of the Court of Appeals are quashed. All concur, except *Graves, J.,* absent.