## STATZ v. ADAMS.
### No. 9796.

Court of Civil Appeals of Texas. Galveston.

Dec. 8, 1932.

Rehearing Denied Jan. 5, 1933.

Bryan, Cosby, Suhr & Bering, of Houston, for appellant.

W. Owen Dailey, of Houston, for appellee.

GRAVES, J.

While under the disposition to be made of this appeal no opinion is required of this court, in deference to the able counsel of both sides who have so painstakingly briefed and argued it, a statement of the ground at least upon which the trial court's action is upheld will be made.

The appellee was given the recovery of $365 and interest from February 1st of 1930 against appellant, as for money had and received, upon substantially this transaction between them as found by the court and jury.

Appellant owned a building in the city of Houston occupied for business purposes by the firm of Thomas & Warner, against whom he held a rent claim for some $550; the appellee claimed that the firm occupying the

building had taken into it a considerable amount of his property for which he had not been paid, whereupon, upon the date stated, February 1, 1930, appellant and appellee first entered into an agreement whereby, for the sum of $200, appellant would assign so much of his landlord's lien on the premises to the appellee as applied to the latter's property then in the building so that he could reclaim and move the same therefrom; later, however, and apparently on the same day this agreement was enlarged whereby it was finally arranged between them that, in consideration of some $365 additional, appellant was to transfer and assign to appellee his landlord's lien on all the property within the building and the full $565 was paid under that final arrangement that same day by the appellee, and a writing between them, which was offered at the trial by the appellant as constituting the whole of the contract, was duly executed by the parties.

The appellee only removed his own property from the building, and never either obtained any of the other property therein nor any consideration for the $365 for the enlarged lien he had so paid for.

When the writing executed between them at the date of the transaction was produced, it only described the property the appellee owned in the building, and only undertook to assign the landlord's lien as to it.

The parties thus differed on whether or not the $565 paid by the appellee had been intended between them to cover the whole of the lien of the appellant on all of the property in the building, or whether both were confined to so much thereof as appellee owned.

The trial court submitted these fact controversies between them to a jury upon special issues, which, together with the several answers thereto returned, were as follows:

"No. 1: Did the plaintiff and the defendant enter into a verbal agreement on or before February 1, 1930, that the defendant was to assign to the plaintiff his landlord's lien on all property in the building at 3805–9 McKinney Avenue for Five Hundred and Sixty Five Dollars ($565.00) to be paid to him by plaintiff? Yes.

"No. 2: Was such agreement continuing and concurrent down to the time of signing the contract of February 1, 1930? Yes.

"No. 3: Did the defendant at the time the contract was signed represent to plaintiff that the contract that was signed transferred to plaintiff the entire landlord's lien upon all of the property in the building in question? Yes.

"No. 4: Did the plaintiff sign such contract relying upon such representation, if any? Yes.

"No. 5: Was plaintiff's failure, if any, to read the contract in question caused by the defendant hurrying him at the time of signing the same? Yes.

"No. 6: Did the plaintiff read the contract in question before signing it? No.

"No. 7: Was the failure of the plaintiff to read such contract, if any, negligence, as that term has been hereinbefore defined? No.

"No. 8: Was the contract read over to the plaintiff before he signed the same? No."

Upon the verdict so rendered the money judgment referred to was entered, the court adding later findings and conclusions of his own to the effect that the true intention of the parties at the time of executing the written contract was to have transferred to the appellee the appellant's entire landlord's lien, and that since that time the condition of the property had materially changed, in that it had passed under the jurisdiction of the bankruptcy court in proceedings against the renters in the building, and that the time for filing preferred claims in that court had now passed, and that the appellant here, not having complied with his agreement to originally transfer all of his landlord's lien to the appellee, had brought about a failure of consideration to the latter for the payment of the $365 extra, and had therefore damaged him in that sum.

This conclusion of law was finally appended: "The Court concludes as a matter of law that the contract should be changed as herein decreed, and that the plaintiff should recover his damages with interest from the date of payment, and that the mutual mistake as made, if not a mutual mistake, amounts to a legal fraud entitling the plaintiff to recover back the money he paid for which the consideration failed."

The sufficiency of the evidence to sustain the verdict of the jury is not challenged by any proposition presented by appellant, nor is it even seriously questioned in argument, except upon the single detail as to whether or not the contract was read over to the appellee before he signed the same, as submitted in the quoted eighth special issue. Upon that, as upon all the other issues, however, the supporting testimony is found sufficient, even if there had been an attack.

We think the learned trial court was correct in holding that, in the circumstances, the appellee was both entitled to sue for and receive his money back, and that the principle applied to a similar situation by this court in a recent case, Jack O'Connor v. H. S. Dew, 55 S.W.(2d) 882, opinion filed November 11, 1932, as well as these supporting authorities therein cited are also applicable in this instance: 41 Corpus Juris, page 4.; Binion v. Browning, 26 Mo. 270; Merryfield v. Willson, 14 Tex. 224, 65 Am. Dec. 117.

An affirmance will accordingly be ordered.

Affirmed.