LLYN BRADFORD v. PHELPS COUNTY, MISSOURI, Appellant.—No. 40504.
—210 S. W. (2d) 996.

Division One, May 10, 1948.

*Breuer & Northern* for appellant.

*Llyn Bradford* and *J. Ben Searcy* for respondent.

[998] VAN OSDOL, C.—Consolidated cases (an appeal from a county court order, and an action for a declaratory judgment) were heard by the circuit court. The cases involved questions of the county court's allowances to plaintiff-respondent as prosecuting attorney of Phelps County for expense for stenographic service for the years 1946 and 1947. The plaintiff had submitted (under the provisions of the County Budget Law, Article 2, Chapter 73, R. S. 1939, Mo. R. S. A., as amended, particularly Section 10912 thereof) the item of $75 per month for stenographic service as a part of the estimated expense of his office for the year 1946, and the county court (acting under the Law in revision of the estimates, Section 10917) revised and changed the estimate to $50 per month. The circuit court found plaintiff-respondent was "entitled to the sum of $75.00 per month for stenographic hire" for the year 1947 and directed the court to accordingly pay during the year, and rendered judgment for amounts

totaling $240 found to be due for the year 1946. Defendant County has appealed.

The action for a declaratory judgment involved the allowance for stenographic service for the year 1946. The petition alleged that plaintiff-respondent, Prosecuting Attorney, had submitted "his budget" to defendant-appellant, County, for the year 1946 including as necessary expense of his office an item of $900 for the year for stenographic service; that when the county court met for the purpose of approving "budgets of the various county officers, said county court arbitrarily, capriciously, without good cause, in excess of its jurisdiction . . . modified said item of stenographic expense . . . reducing the same to the sum of $600.00 for said year." Defendant-appellant County by answer admitted plaintiff-respondent, Prosecuting Attorney, had "submitted his budget" including the item of $900 for the year 1946; and that, in the performance of "the first duty of the County Court (under the County Budget Law) at its regular February term to go over the estimates and revise and amend the same in such a way as to promote efficiency and economy in County government," county court found the estimate of $75 a month was excessive, and proceeded to go over, revise and amend the estimate to $50 a month as the amount sufficient to promote efficiency and economy in county government. County denied the county court acted arbitrarily, capriciously and without good cause in so doing. (The "appealed-from" county court order in effect disallowed claims for stenographic expense in excess of $50 per month for January and February, 1947.)

It is contended by appellant County the trial court erred in substituting its own independent judgment for that of the county court. County urges the county court was acting in the exercise of a discretionary duty and, absent fraud or arbitrary action, the county court's revision and change of the estimate was final and conclusive. On the other hand, it is contended by respondent, Prosecuting Attorney, that appeals from the final determination of county courts are authorized by Sections 2490 and 2496, R. S. 1939, Mo. R. S. A., which Sections provide for a trial anew in the appellate circuit court; and Prosecuting Attorney further relies on Section 2100 R. S. 1939, Mo. R. S. A., giving circuit courts "appellate jurisdiction from the judgment and orders of county courts." Prosecuting Attorney urges that the consolidated cases were properly heard as trials de novo, and that the circuit court in trying the cases anew had the power and jurisdiction to exercise and render its own independent judgment.

Section 2100, supra, has been held to apply to county court judgments and orders which are "in their nature susceptible of a trial anew in the circuit court (Section 2490, supra)—to cases which partake in some respect of the characteristics of a suit at law or in equity, and in which the circuit court can hear the evidence and from that

enter up a judgment of its own. 'In other words, the appeal can only be taken when the judgment or order appealed from is judicial.' St. Louis I. M. & S. Ry. [999] Co. v. St. Louis, 92 Mo. 160, 4 S. W. 664.'' State ex rel. Dietrich v. Daues, 315 Mo. 701, 287 S. W. 430. [It is to be carefully noted that county courts are not now named among the ''constitutional courts'' in which the judicial power is vested by the Article treating with the ''Judicial Department'' of the State government (Article V, Constitution of Missouri, 1945) but are now recognized in the Article treating with ''Local Government,'' and given authority to *''manage all county business as prescribed by law.''* Section 7, Article VI, Constitution of Missouri, 1945. See State ex rel. Kowats v. Arnold, 356 Mo. 661, 204 S. W. 2d 254, wherein the Section 7, Article VI, Constitution of 1945, and Section 36, Article VI, Constitution of 1875, are set out in juxtaposition so that the contrast of county courts' powers given and status fixed by the respective Sections may be readily seen. It was said, ''under Sec. 7, Art. VI, Const. 1945, county courts are no longer courts in a juridical sense, but are ministerial bodies managing the county's business, with certain taxing and districting power which we are not here attempting to delimit.'' (356 Mo. at page 670, 204 S. W. 2d at page 258.)]

Of the appeal from an order rejecting accounts against the county, provided in Section 2496, supra—the appeal is of a different and specific kind; the appeal, as authorized in the Section, was ''intended to provide a convenient and inexpensive method for having a *judicial* determination (by the circuit court) of a matter about which the parties (claimant and County) are unable to agree.'' (Our italics.) Sears v. Stone County, 105 Mo. 236, 16 S. W. 878. The appeal authorized by the Section may be utilized when the county court has rejected an account, or any part thereof, presented against a county, the rejection being in the exercise of the county court's power to audit, adjust and settle all accounts to which the county is a party, and which power is given by Section 13824 R. S. 1939, Mo. R. S. A., as repealed and re-enacted, Laws of Missouri, 1945, pp. 1386-7. The county court in auditing and settling demands against the county has not been held to be acting judicially. State ex rel. Becker v. Wehmeyer, Mo. App., 113 S. W. 2d 1031. But Prosecuting Attorney in submitting the estimate of expense of his office as the County Budget Law required him to do (Section 10915, supra) was not presenting an ''account'' against the county, and the county court in changing Prosecuting Attorney's estimate was not acting in the exercise of the power given by the statute, Section 13824, supra, to audit, adjust and settle an account against the county, but was acting in the exercise of a power delegated to it by another statute. County Budget Law, supra, particularly Section 10917 thereof. Compare State ex rel. Dietrich v. Daues, supra.

■. In the instant case the county court's action under the County Budget Law was the "live issue," and our case may be thus distinguished from the case of Rinehart v. Howell County, 348 Mo. 421, 153 S. W. 2d 381.

It has been written a county court is only the agent of the county with no powers except those granted and limited by law and, like other agents, it must pursue its authority and act within the scope of its powers. Wolcott v. Lawrence County, 26 Mo. 272; State ex rel. Quincy, M. & P. R. Co. v. Harris, 96 Mo. 29, 8 S. W. 794; Jensen v. Wilson Tp., Gentry Co., 346 Mo. 1199, 145 S. W. 2d 372, 373; and now see again State ex rel. Kowats v. Arnold, supra, and Section 7, Article VI, Constitution of 1945. County courts as the managerial agents of the county have the duty to so manage the county's fiscal affairs as to comply with Section 26, Article VI, Constitution of Missouri, 1945, providing (inter alia) limitations on indebtedness of local governments. Section 10910 as amended, Laws of Missouri, 1945, pp. 610-611, of County Budget Law, supra. The County Budget Law makes it more expedient for the county court to perform its duty, that is, the County Budget Law provides "ways and means for a county to record the obligations incurred and thereby enable it to keep the expenditures within the income." Traub v. Buchanan County, 341 Mo. 727, 108 S. W. 2d 340. It is evident from the language of the [1000] County Budget Law that county courts in complying with the Law have duties of a discretionary nature in examining, revising and changing the estimates of the county's expenditures to the end of promoting the standard of "efficiency and economy in county government," Section 10917, supra. In giving such discretionary managerial powers and duties to the county courts, the Legislature has not provided an appeal whereby a circuit court may review the county court's acts in the exercise of its discretion and whereby the circuit court can substitute its own independent judgment. See again and compare State ex rel. Dietrich v. Daues, supra.

No statute makes provision for a salary for the stenographer of the plaintiff, prosecuting attorney of Phelps County, as did a statute determine the amount of the salary of the plaintiff county judge in the case of Gill v. Buchanan County, 346 Mo. 599, 142 S. W. 2d 665; consequently, the county court, acting under the County Budget Law, in changing Prosecuting Attorney's estimate was not voiding a mandatory obligation imposed by the Legislature, the same authority which imposed the budget requirements. In our case the county court was acting in the exercise of a discretionary power purposing efficient and economic county government somewhat like the county court was exercising a delegated legislative and discretionary power to allow such compensation "as may be deemed just and reasonable" for the services of the county treasurer according to the language of statute considered in the case of State ex rel. Dietrich v. Daues, supra,

and the statute involved in State ex rel. Dwyer v. Nolte, 351 Mo. 271, 172 S. W. 2d 854. As was the county court in the Daues case exercising discretion in reducing the compensation to the county treasurer to an amount which it deemed "just and reasonable" (the standard stated in the statute involved in that case) so was the county court in the case at bar, in examining, revising and changing the estimates as required by the County Budget Law, exercising discretionary action in the public interest and with the purpose of promoting "efficiency and economy in county government."

Of course, the Legislature could have provided for salaries for stenographers of prosecuting attorneys in counties of the class including Phelps County, quite as have been provided by statute in counties of other classification. For example, see Laws of Missouri, 1945, pp. 574, 578, and 583. The Legislature has not done so. This does not mean the County Court of Phelps County should not, in the exercise of its discretion, make allowance for the expense of necessitous stenographic service to the prosecuting attorney. But, in the absence of legislation providing a salary or allowance for a stenographer or for stenographic service for the prosecuting attorney of Phelps County, the County Budget Law means the County Court of Phelps County has the power to make whatever allowance for stenographic service as it, in its discretion, may deem necessary with a regard to the efficiency of the prosecuting attorney's office; and to the receipts estimated to be available for that and other estimated expenditures, in short, to approve such an estimate as will promote efficient and economic county government. To put it in another and summary way—since Prosecuting Attorney could not rely on a statute particularly providing pay for his stenographic service, he should have necessarily expected such an allowance as the County Court of Phelps County in the honest, nonarbitrary performance of its duty under the County Budget Law would make. County Budget Law, supra, particularly Sections 10912 and 10917.

It is seen in the Daues case, supra, the county court's exercise of a discretionary duty delegated by the Legislature could have been examined by the circuit court in an action of an equitable nature when it was alleged the county court had acted arbitrarily, corruptly and fraudulently, and not in the exercise of an honest discretion. (Although it is otherwise suggested by County, it must be clear the county court's action, in the exercise of its managerial discretionary powers and duties as the County's agent under the County Budget Law, is not to be reviewed as within the purview of Section 22, Article V, Constitution of [1001] Missouri, 1945, providing for judicial review of final decisions, findings, rules and orders of any administrative officer or body "which are judicial or quasi-judicial and affect private rights"; nor within the purview of the Act providing for review of the decisions, rules and regulations of agencies "authorized

*by law to make rules or to adjudicate contested cases."* Laws of Missouri, 1945, p. 1504 et seq.)

Attending the charge the county court's revision of the estimate was arbitrary and capricious, without good cause, and in effect in an abuse of discretion—we will summarize the evidence pertinent to these questions; and in compliance with Section 140(c), Civil Code of Missouri (Laws of Missouri, 1943, at page 395) we must make such an order as to us seems agreeable to law.

We have noticed the Legislature has seen fit to delegate to the county court discretionary powers and duties under Section 10917 of the County Budget Law—the county court can be said to be "the agency most familiar with the fiscal affairs and financial condition of the county" (State ex rel. Dietrich v. Daues, supra; State ex rel. Dwyer v. Nolte, supra) as well as the agency most likely to soundly budget estimated receipts and expenditures to the end of efficiency and economy in county government. It seems the county court's exercise of its discretion in the performance of its statutory and discretionary duty should not be interfered with, vacated or set aside, except in a case where it is clear the county court in acting abused or arbitrarily exercised its discretion (or, if such were the charge, acted fraudulently or corruptly).

The evidence shows a competent, full-time stenographer may be employed in the city of Rolla for a salary of $90 per month. Prosecuting Attorney, and counsel herein for appellant County both pay that salary to their competent stenographers. The stenographer for Prosecuting Attorney does the "paper work" of Prosecuting Attorney's law office which includes stenographic work for him as prosecuting attorney and as counsel for parties to civil actions. His work of prosecuting attorney of Phelps County requires stenographic service such as is usually required by prosecuting attorneys in like counties. He also has a lucrative civil practice. When the cause was tried, it seems Prosecuting Attorney's name appeared on the trial court's docket as counsel in twenty civil actions and as prosecuting attorney in fourteen criminal cases; but we also notice his duties as prosecuting attorney frequently take him into the magistrate court, and require him to write letters to witnesses and others in connection with many state and county problems and pending criminal causes; however, he also sometimes appears "in adjoining counties in civil cases . . . the biggest part of my paper work is as Prosecuting Attorney . . . a good deal more than half of it."

When the county court met to examine the estimates of County's expenditures, Prosecuting Attorney was afforded an opportunity to be heard.

The presiding judge of the county court testified that he was "fairly well acquainted with" the work of the prosecuting attorney's office—the judge said he had been around the courthouse all his life—

and that the county court revised Prosecuting Attorney's estimate because it had in prior years been approved in the monthly sum of $50, and it was the county court's considered judgment that $50 per month was fair and reasonable compensation for "the County's part" of Prosecuting Attorney's stenographic expense, "the whole Court agreed on it."

We think it should not be held the evidence demonstrates the county court acted arbitrarily or capriciously, or otherwise in an abuse of its discretion.

The judgment should be reversed.

It is so ordered. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM;—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.