STATE of Missouri ex rel. The TOWN OF OLIVETTE, a Municipal Corporation; Ray G. Mills, Clarence A. Miller, Milton Lief, Charles H. Spoehrer and Thomas A. Grady, Constituting the Board of Trustees of the Town of Olivette; Walter Brockman, Elmer Brockman, Ewald Jacob, Ferguson B. Geers, John Heger, E. W. Baker and Carl Mueller (Plaintiffs) Respondents,

v.

AMERICAN TELEPHONE and TELEGRAPH COMPANY, a Corporation; Thomas Dunne, Jas. H. J. McNary, Eugene Buechler, Jas. A. Singer, Frank A. Martini, Harold L. Carey and Charles R. Skow, Constituting the St. Louis County Council; Frank C. Roe, Director of Public Works, St. Louis County, and Luman F. Matthews, County Supervisor of the County of St. Louis (Defendants); Appellants.

No. 29262.

St. Louis Court of Appeals.

Missouri.

May 17, 1955.

Motions for Rehearing and Motion for Transfer to Supreme Court Denied June 29, 1955.

Fred M. Joseph, Chaim H. Zimbalist, Clayton, Peter C. Elvis, Kansas City, for appellant American Tel. & Tel. Co.

John J. McAtee, Clayton, St. Louis County Counselor, Herbert C. Funke, Maplewood, Assistant County Counselor, for appellants Thomas Dunne et al.

Carroll J. Donohue, Robert O. Hetlage, Salkey & Jones, St. Louis, for respondents.

WOLFE, Commissioner.

This action was instituted by the Town of Olivette, its board of trustees, and seven property owners to enjoin the American Telephone and Telegraph Company from erecting a radio telephone relay tower. The proposed tower was to be erected on property abutting the boundary of the town and near property belonging to the individual plaintiffs who joined the town and its trustees in this action. The St. Louis County Council had issued a special permit for the building of the tower and the plaintiffs alleged that the permit was irregularly granted and was void. The Circuit Court of St. Louis County found that the permit in question was void, and it enjoined the American Telephone and Telegraph Company from erecting the tower. The American Telephone and Telegraph Company lodged an appeal in this court while the other defendants appealed to the Supreme Court. This court transferred the appeal of the American Telephone and Telegraph Company to the Supreme Court. That court found that the appeals properly came within our jurisdiction and transferred them to this court. 273 S.W.2d 286.

The question presented by this appeal is whether or not the so-called "special permit" for the erection of a radio relay tower granted by "order" of the county council is valid. The land upon which the telephone company desired to erect the tower is in an unincorporated part of St. Louis County adjacent to the Town of Olivette. On March 19, 1953, the telephone company made application to the planning commission for a special permit to erect the tower in an area then restricted to single family residences. A notice of a public hearing was published in a newspaper of general circulation and after such a hearing, wherein the opponents of the proposed permit were heard, the commission recommended to the county council that the permit be granted.

According to its records the county council, on June 10, took the following action:

"Moved by Councilman Buechler, seconded by Councilman Skow, that Petition of American Telephone and Telegraph Company for a Special Permit to operate a radio relay tower and equipment on land fronting on East line of Warson Road 1580 feet north of north line of Olive Street Road and 75 feet South of South line of Grandview Drive be granted, which Motion prevailed."

A protesting trustee of the Town of Olivette was present at the session of the county council and asked that a roll call vote be taken, but his request was denied.

St. Louis County, subject to the laws relating to class one counties, adopted a zoning order for the unincorporated areas on June 13, 1946. The law at that time provided in Section 64.140 RSMo 1949, V.A.M.S., that where the land affected by a proposed amendment to the zoning order lies within one and one-half miles of the limits of a municipality and such municipality protests against the proposed amendment the "amendment may not be passed except by the favorable vote of all members of the county court."

The zoning order adopted provided in Article XVII, Section 7:

"The County Court may, by special permit after public hearing, authorize under such conditions as it may determine, the location of any of the following buildings or uses or an increase in their height in a district from which they are prohibited or limited by this Order:"

There follows a list of itemized uses ranging from public buildings, cemeteries, greenhouses, and gun clubs down to item 16, which is "Radio towers and broadcasting stations."

Article XXV of the 1946 zoning order deals with the procedure to be adopted in the "Zoning Changes and Amendments (Including Special Permits)".

On March 28, 1950, there was adopted in St. Louis County a charter for its own government as provided for under Article VI, Sections 18(a) to 18(l) of the V.A.M.S. Constitution of Missouri. This charter established the county as a corporate body and created a county council as the governing body of the county and vested the council with legislative powers. No zoning ordinance has been enacted subsequent to the Zoning Order of 1946, but Article III, Section 13, of the Charter is as follows:

"Ordinances and resolutions shall be introduced by a member or members of the Council or by the Council as a whole, and said ordinances and resolutions shall be in written or printed form. The enacting clause of all ordinances passed by the Council shall be, 'Be It Ordained By the County Council of St. Louis County, Missouri.' An affirmative vote by a majority of the members of the entire Council shall be necessary to pass any ordinance or resolution except as otherwise provided in this charter. On the final passage of any ordinance or resolution the yeas and nays shall be entered by name on the journal, and at the request of any one member, the yeas and nays on any other question shall be so entered. All ordinances, resolutions, orders and proceedings of the Council shall be public records and shall be kept in bound form and available for public examination."

Section 22 of the same article provides:

"Pursuant to and in conformity with the Constitution of Missouri and without limiting the generality of the powers vested in the Council by this Charter, the Council shall have, by ordinance the power: * * * To exercise legislative power pertaining to public health, police and traffic, building construction, and planning and zoning, in the part of the County outside incorporated cities, and on such other subjects as may hereafter be authorized by the Constitution or by law, provided that, until superseded by ordinances of the Council, the laws pertaining to said matters shall continue to be valid and effective."

Plaintiffs called, as one of their witnesses, a Mr. Baughman, the city planning engineer, employed as executive secretary of the Planning Commission of St. Louis County. He told of the meetings of the council at which the permit was considered and stated that he had informed the commission there was not sufficient information before it upon which to make a decision. There was also evidence showing that the area surrounding the proposed construction site had been subdivided for and contained a number of single family residences.

The tower was to be 140 feet in height with an adequate foundation to support it and there was to be erected a concrete-block building about 15 feet in height and being 57 feet long and about 30 feet wide.

An expert witness testified that such structures would be depressive of the land values in the neighborhood. He stated that the structures would be in complete variance with the other improvements in the area and would be unsightly.

The American Telephone and Telegraph Company had but one witness, who could not be present at the trial, but it was admitted that if present he would testify that the proposed tower was one of a series of micro-wave relay towers which were to cross the nation to provide for telephone communication. A permit for the construction of the series of towers, including one in the vicinity of Olivette, had been granted by the Federal Communications Commission.

The plaintiffs attacked the "special permit" granted, on the theory that the act was in fact an amendment of the zoning order, which could be done only by ordinance under the provisions of the charter. It was pleaded that the action of the council constituted "spot zoning", and exceeded the powers granted to the county by law.

As stated, the trial court found the issues for the plaintiffs and held that the permit was void. A memorandum filed by the trial judge based his findings upon the ground that "any change in the zoning order is legislative in character and can only be accomplished by ordinance", under the charter now in force in St. Louis County.

The appellants contend that since all of the requisites of the "zoning order" were met the permit is valid and that granting the permit did not involve a change in the existing zoning plan. For these reasons we are urged to reverse the judgment.

 As far as the zoning order of 1946 is concerned, the county court was possessed of no powers under it in excess of those granted by the statutes governing counties of class one. It has long been held that the county court must pursue its authority and act within the scope of the powers granted to it. Jensen v. Wilson Tp., Gentry County, 346 Mo. 1199, 145 S.W.2d 372; Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996; Art. VI, § 7, V.A.M.S. Constitution of Missouri, 1945.

 Those powers relating to zoning in counties of class one are now Sections 64.010 to 64.160 RSMo 1949, V.A.M.S. These sections, among other provisions, provide for a comprehensive zoning of the unincorporated areas of such counties, the creation of a planning council, and a board of zoning adjustment. Members of the county court constitute the board of adjustment and may when appealed to act upon such matters as granting permits in cases of existing nonconforming uses. But there is no authority vested by these sections whereby the county court as such may grant any special permit. All it could do in relation to changing the use fixed by an adopted zoning order was to amend the order as provided by Section 64.140, and this section requires a unanimous vote. State ex rel. Barr v. Fleming, Mo.App., 259 S.W.2d 417. Apparently conscious of these restrictions, those drafting the zoning order included that which the order called a "special permit" in the procedure governing changes and amendments. The article dealing with special permits in the zoning order makes reference to Section 13, House Bill 885, of 1947. This was an obvious error for the charter was adopted in 1946. But Section 13, House Bill 885, of 1945, to which the order doubtlessly had reference, has to do with the amendments of zoning regulations and is the same as Section 64.140 RSMo 1949, V.A.M.S., above mentioned. It is therefore obvious that if the county council could have acted in the same manner as the former county court was authorized by law to act it could not have granted the special permit, for the law gave no such authority to county courts, and it could under the Zoning Order only accomplish such purpose by an amendment of the order.

The county council created by the charter of 1950 is not a county court under another name. Article III, Section 22, of the charter, heretofore quoted, provides that the council shall exercise legislative powers "pertaining to * * * zoning". The legislation must be done by ordinance as provided by Section 13 of the same article which sets out the manner in which the ordinances should be enacted. These provisions of the charter are in accordance with and under the authority of the Constitution of Missouri, Article VI, Section 18 (c), which states: "The charter may provide for the vesting and exercise of legislative power pertaining to public health, police and traffic, building construction, and planning and zoning, in the part of the county outside incorporated cities; * *."

 The county having adopted these new and fundamental laws of government, the council created by them is obliged to look to the charter for its powers, and acts beyond the powers granted or necessarily

implied therefrom are void. Jensen v. Wilson Tp., Gentry County, supra; Bradford v. Phelps County, supra.

The briefs dwell to some extent on the question of whether or not the action of the council constituted "spot zoning". Since, as pointed out above, the council's action was void and consequently constituted no zoning, the question of spot zoning is not before us.

For the reasons stated, it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

ANDERSON, P. J., and WALTER E. BAILEY and SAM C. BLAIR, Special Judges, concur.