STATE ex rel. Chelse E. FIELD et al., Respondents,

v.

William RANDALL, Harry M. Fleming, Henry H. Fox, Jr., Ray G. Cowan, and Hunter Phillips, Appellants,

James E. Fortmeyer, Intervenor-Appellant.

No. 22400.

Kansas City Court of Appeals. Missouri.

Dec. 3, 1956.

J. Marcus Kirtley, William J. Gilwee, Kansas City, for appellants.

Joseph J. Kelly, Jr., William H. Woodson, Kansas City, Spencer, Fane, Britt & Browne, Kansas City, of counsel, for respondent.

William K. Poindexter, Kansas City, for appellant-intervenor.

SPERRY, Commissioner.

This is an appeal from a judgment reversing and holding for naught an order of the Jackson County Board of Zoning Adjustment granting a "special permit" for construction of a "drive-in" theater in the unincorporated area of Jackson County.

The case originated when James E. Fortmeyer, intervenor-appellant herein, filed his application with the Jackson County Board of Zoning Adjustment seeking issuance, by that body, of a "special permit" authorizing construction of a "drive-in" theater on a 55 acre tract of land. This tract is located within District "D", zoned as "Agriculture District" under section 9 of the Jackson County Zoning Order. No provision appears in section 9 permitting construction of a "drive-in" theater in that district; and the height of buildings therein permitted is specifically limited to 35 feet. The Board of Zoning Adjustment, (hereafter referred to as Board) at the time this application was filed, consisted of County Judges Randall, Fleming and Fox. Judges Cowan and Phillips have since succeeded Fleming and Fox. All are defendants and are appellants.

The application was originally granted by the Board in 1950 and, on appeal, was approved by the Circuit Court of Jackson County. However, this Court, in State ex rel. Barr v. Fleming, 259 S.W. 2d 417, reversed the judgment on the grounds that the permit granted was in violation of the zoning order and regulations, in that the screen of the "drive-in" would be 74 feet in height whereas

section 9 of the zoning order limits the height of all buildings in District "D" to 35 feet; and section 14, (under which authority the Board acted in granting the "special permit") required the height of all buildings authorized thereunder to conform to the requirements of the zoning order applicable to the district in which said building was located.

Jackson is a first class county and the law authorizing zoning orders for such counties is to be found in sections 64.010 to 64.160 inclusive RSMo 1949, V.A.M.S. Under that authority the unincorporated area of the county has been zoned into districts, under a comprehensive plan, as follows:

"Section 6. District 'A'. (First Dwelling House District).
"Section 7. District 'B'. (Second Dwelling House District).
"Section 8. District 'C'. (Multiple House District).
"Section 9. District 'D'. (Agricultural District).
"Section 10. District 'E'. (Local Business District).
"Section 11. District 'F'. (General Business District).
"Section 12. District 'G'. (Light Industrial District).
"Section 13. District 'H'. (Heavy Industrial District)."

From the above skeletal outline of the Zoning Order it will be seen that the order is comprehensive, in that it covers most types of uses to which land might ordinarily be put in the unincorporated area of the county; and it limits the uses and types of structures etc., in groups and classes, to certain specific districts.

Had the order stopped at that point, probably this case would not be here. However, it included another section: "Section 14, Special Classes," which provides as follows:

"Section 14. Special Classes.

"Any of the following uses may be located in *any* district by special permission of the Board, after public hearing, provided that in their judgment such use will not seriously injure the appropriate use of neighboring property, and will conform to the general intent and purpose of this Order; and further provided that such uses may be granted with a time limitation, and shall comply with the height and area regulations of the district in which they may be located." (Emphasis ours.)

Among the uses provided by that section, as amended, is "drive-in" theaters; and, as amended, the height of structures authorized under this section may be whatever the Board may determine, without regard to such limitations thereon as may be provided in any of the eight districts established by the order. In short, section 14 permits the Board to disregard uses and height regulations in every district established, if it sees fit to grant a "special permit" for any of the uses mentioned in section 14. Thus, a refuse dump or a sewage disposal plant might be established in any district in the county, under the provisions of this section. We think it has the effect of destroying the uniformity of an otherwise excellent zoning order. It permits rule by caprice rather than rule by laws applicable to all alike.

The St. Louis Court of Appeals, in an excellent opinion prepared by Judge Wolfe, held that a "special permit" to erect a radio relay tower was void. It was held that the county council (St. Louis County operates under a charter) had no power to issue a "special permit" abrogating specific regulations as to uses and structural heights provided for the governance of the district wherein the "special permit" was to operate. The situation presented here is "on all fours" with that ruled in the decision mentioned. We believe that ruling properly

declares the law and that we should follow it.

The judgment should be affirmed.

BOUR, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the court. The judgment is affirmed.

DEW, P. J., CAVE, J., and MAUGHMER, Special Judge, concur.

BROADDUS, J., not sitting.