STATE of Missouri at the Relation of Chelse E. FIELD, Mrs. Chelse E. Field, W. B. Combs, Henry Hifner, Stanley Hifner, Melvin Hifner, Sally Parker, Ward Bowers, Carrie Bowers, Mrs. R. W. Barr, B. B. Barr, Virginia Barr, Respondents,

v.

William RANDALL, Harry M. Fleming, Henry H. Fox, Jr., former members of and constituting the Board of Zoning Adjustment of Jackson County, Missouri, and Ray G. Cowan, Hunter Phillips, and said William Randall, present members of and constituting the Board of Zoning Adjustment of Jackson County, Missouri (Defendants), Appellants,

and

James E. Fortmeyer (Intervenor), Appellant.

No. 46060.

Supreme Court of Missouri, Division No. 2.

Jan. 13, 1958.

J. Marcus Kirtley, County Counselor, William J. Gilwee, Asst. County Counselor, Kansas City, for appellants.

William K. Poindexter, Kansas City, for appellant-intervenor.

Joseph J. Kelly, Jr., William H. Woodson, Kansas City, for respondents. Spencer, Fane, Britt & Browne, Kansas City, of counsel.

BOHLING, Commissioner.

■ This is a proceeding instituted by the State at the relation of Chelse E. Field and other property owners, respondents, to review an order of the Jackson County Board of Zoning Adjustment, appellant, granting a special use permit to James E. Fortmeyer, who was permitted to interplead, appellant, for the construction and maintenance for a period of ten years of a "drive-in" theater on a 55-acre tract of land in the unincorporated area of Jackson County and zoned as an "Agricultural District" by "Section 9. District 'D'," of the Zoning Order of Jackson County, Missouri. The Circuit Court of Jackson County reversed said order, and the Board and intervenor appealed. The Kansas City Court of Appeals affirmed the judgment of the Circuit Court. State ex rel. Field v. Randall, Mo.App., 297 S.W.2d 586. Appellants' motion for rehearing was overruled, but their motion to transfer the cause to this court was sustained. The case is here for full review. See V.A.M.S.Mo. Const., Art. 5, § 10; 42 V.A.M.S. Supreme Court Rules, rule 2.06; In re Adoption of Sypolt, 361 Mo. 958, 237 S.W.2d 193 [1].

The record discloses that a prior like special permit was granted to intervenor about 1950. Upon review, the order was affirmed by the Circuit Court, but on appeal the judgment of the Circuit Court was reversed (State ex rel. Barr v. Fleming, Mo.App., 259 S.W.2d 417, 421) on the ground said "special permit" authorized the screen of the "drive-in" theater to be 74 feet in height and thereby contravened § 9 of the zoning order, which restricted all buildings in "District D" to 35 feet in height, and § 14 (quoted infra) of said order, which required the height of buildings authorized by special permits to conform to the requirements applicable to the district in which the building was to be located. See the Randall opinion, supra, 297 S.W.2d loc. cit. 587.

We quote, so far as material here, § 14 of the zoning order as it read at the

time of State ex rel. Barr v. Fleming, 259 S.W.2d loc. cit. 419.

"Section 14. Special Classes. Any of the following uses may be located in any district by special permission of the Board, after public hearing, provided that in their judgment such use will not seriously injure the appropriate use of neighboring property, and will conform to the general intent and purpose of this Order; and further provided that such uses may be granted with a time limitation, *and shall comply with the height and area regulations of the district in which they may be located:* * * *." (Emphasis supplied.) Among the uses named following the above quoted portion of § 14 was "4. Drive-in theaters."

On August 20, 1954, subsequent to State ex rel. Barr v. Fleming, supra, said § 14 was amended by order of the County Court "by striking out the words 'and shall comply with the height and area regulations of the district in which they may be located:' and by replacing the comma after 'limitations' [sic] with a colon and adding a new paragraph following paragraph 3 to be numbered paragraph 4 and to read as follows: 'Drive-in theaters'."

On December 7, 1954, intervenor renewed his efforts by filing the instant application for a special permit for a drive-in theater.

County courts, in the article of the Constitution relating to "Local Government" are given authority to "manage all county business as prescribed by law" (Mo. Const.1945, Art. VI, § 7, V.A.M.S.). We have said "that, outside of the management of the fiscal affairs of the county, such courts possess no powers except those conferred by statute." State ex rel. Floyd v. Philpot, 364 Mo. 735, 266 S.W.2d 704, 710 [2]; Bradford v. Phelps County, 357 Mo. 830, 210 S.W.2d 996, 999 [2]; State ex rel. Town of Olivette v. American T. & T. Co., Mo.App., 280 S.W.2d 134, 137 [ 1, 2].

■ The authority and power of county courts of counties of the first class to adopt appropriate zoning regulations for unincorporated areas of the county are found in §§ 64.010 to 64.160. Statutory references are to RSMo 1949 and V.A.M.S. Jackson County is a county of the first class. Said sections provide for the creation of a county planning commission (§ 64.010) and a board of zoning adjustment (§ 64.120). The county court, to avail itself of the powers conferred, "shall request the county planning commission to recommend the boundaries of the various original districts and appropriate regulations to be enforced therein"; the commission, after specified preliminary proceedings, shall make a report and submit a proposed order to the county court; and "the county court may enact the order with or without change or may refer it back to the commission for further consideration" (§ 64.110). The principal duties and powers of the county planning commission are set forth in §§ 64.030 to 64.080 and those of the county board of zoning adjustment in § 64.120. It is not necessary to detail the duties and powers of the commission or of the board. The statutes contemplate the adoption by the county court (§§ 64.090, 64.100, 64.110) of a comprehensive plan dividing the unincorporated territory of the county into districts and appropriate zoning regulations for the districts thus established. The regulations imposed and the districts created may be amended by order of the county court, "but no such amendment shall be made without a hearing before the county planning commission * * *." § 64.140. See also §§ 64.040, 64.060, 64.080.

Section 64.100 provides, among other things: "All such regulations shall be uniform for each class or kind of buildings or land uses throughout each district, but the regulations in one district may differ from those in other districts."

Section 64.090, subd. 3 provides, among other things: "The powers by sections 64.010 to 64.160 given shall not be exercised so as to deprive the owner, lessee or tenant of any existing property of its use or maintenance for the purpose to which it is then lawfully devoted except the

["that," Laws 1945, p. 1330, § 8] reasonable regulations may be adopted for the gradual elimination of nonconforming uses * * *."

The county board of zoning adjustment, to be created by order and consisting of the three judges of the county court, is to hear appeals taken from the officer administering the county zoning ordinance. § 64.120. Section 64.120, subd. 1(3) reads: "(3) In passing upon appeals, where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of such order, *which difficulties or hardship constitute an unreasonable deprivation of use as distinguished from merely granting a privilege,* the board may vary or modify the application of any of the regulations or provisions so the intended purpose of the regulation shall be strictly observed, public safety and welfare secured and substantial justice done." (Emphasis supplied.)

Whenever a plan for major highways has been prepared, the county court is authorized by § 64.080, upon recommendation of the planning commission, to establish, etc., building or setback lines on such highways, etc. Said section also provides: "The county court * * * may provide for a board of adjustment with powers to modify or vary the regulations, in specific cases, in order *that unwarranted hardship, which constitutes an unreasonable deprivation of use as distinguished from the mere grant of a privilege,* may be avoided." (Emphasis supplied.)

The Jackson County Zoning Order divided the unincorporated territory into eight districts, with use, height and area regulations for each of said districts. It constituted a comprehensive zoning plan for the unincorporated territory of the county. See the opinion of the Kansas City Court of Appeals, 297 S.W.2d loc. cit. 587.

■■ The State enabling act rules the instant issue. Section 9 of the zoning order, establishing District D as an Agricultural District, did not provide for "drive-in theaters" and intervenor invoked the provisions of § 14, supra. Section 64.100 calls for uniform regulations for each class or kind of buildings or land uses throughout each district. It is not authority "to make 'fish' of one property and 'fowl' of another" in a given zoning district. Fairmont Investment Co. v. Woermann, 357 Mo. 625, 210 S.W.2d 26, 31. The Jackson County Zoning Order was adopted in 1943. Intervenor first received a "special permit" about 1950 or early 1951. He purchased the 55 acres in 1951. He has not established an existing nonconforming use under § 64.090, subd. 3, or a practical difficulty or hardship constituting an unreasonable deprivation of use as distinguished from merely granting a privilege under § 64.120, subd. 1(3) or § 64.080. State ex rel. Barr v. Fleming, 259 S.W.2d loc. cit. 420, 421. No provision of the enabling act authorizes the board of zoning adjustment to grant special uses or privileges of the nature here involved. Such was the holding of the Court of Appeals in the instant case (297 S.W.2d 586, 588) and is the effect of the holding of the St. Louis Court of Appeals in State ex rel. Town of Olivette v. American T. & T. Co., Mo.App., 280 S.W.2d 134, 137. These cases are ruled correctly and are here referred to. The instant record presents an unauthorized special permit by a board of zoning adjustment. It does not involve a rezoning as did State ex rel. Christopher v. Matthews, 362 Mo. 242, 240 S.W.2d 934, 936. Other attacks against said permit need not be developed.

The judgment of the Circuit Court is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.