STATE OF MISSOURI on information of ROY MCKITTRICK, Attorney General, Relator, v. JOHN J. DWYER.—124 S. W. (2d) 1173.

Court en Banc, February 7, 1939.

*Roy McKittrick,* Attorney General, and *Tyre W. Burton,* Assist-
ant Attorney General, for relator.

*Edgar H. Wayman* and *Oliver Senti* for respondent.

GANTT, J.—Original action in *quo warranto* to determine the question of respondent's title to the office of treasurer of the city of St. Louis. For many years the treasurer of said city has been elected at the general election in November. At said election in 1936 Henry C. Menne was elected treasurer of said city. On his death, and on September 12, 1938, respondent was appointed by the mayor to fill the vacancy. The apopintment was made under Section 1, Article VIII of the city charter, 1914, which follows:

"The Mayor shall appoint the following officers at his convenience, to hold for the term for which he was elected and until their successors qualify: assessor, collector, treasurer, supply commissioner, registrar, city counselor, city marshal, city court judges, clerk of city courts, president board of public service, director of public utilities, director of streets and sewers, director of public welfare, and director of public safety."

On the adoption of the "scheme" for the separation of the city and the county, the city became both a political subdivision of the State and a city in its corporate capacity. For instance, it is provided that "the city . . . shall . . . collect the State revenue and perform all other functions in relation to the State, in the same manner, as if it were a county as in this Constitution defined." [Sec. 23, Art. IX, Const.] Respondent states the case at bar as follows:

"We do not wish to be understood as contending that the Charter of St. Louis is not subject to the Constitution and laws of the State. Section 23 of Article IX, which is applicable to the City of

St. Louis, provides that its charter and amendments shall (with certain exceptions which are not material here) always be in harmony with and subject to the Constitution and laws of the State. It also provided by Section 25 of Article IX that, notwithstanding the provisions of that article, the General Assembly shall have the same power over the City and County of St. Louis as it has over other cities and counties of the State.

"The question to be determined in this case is not whether it is within the power of the General Assembly to provide for the election of a Treasurer of the City of St. Louis, but whether or not it has done so."

In view of the admissions in said statement, it will not be necessary to consider the cases ruling questions of conflict between the city as a political subdivision and the city in its corporate capacity.

 The statutes providing for the election of a county treasurer follow:

"On the Tuesday after the first Monday in November, 1912, and every four years thereafter, there shall be elected by the qualified voters of the several counties in this state a county treasurer, who shall be commissioned by the county court of his county, and who shall enter upon the discharge of the duties of his office on the first day of January next succeeding his election, and shall hold his office for a term of four years, and until his successor is elected and qualified, unless sooner removed from office: *Provided*, that in counties having adopted, or that may hereafter adopt township organization, the term of office of said treasurer shall be extended to the first day of April next after the election of his successor." [Sec. 12130, Art. VIII, R. S. 1929.]

In 1933 (Laws 1933, pp. 338 and 357) Section 12130 and other sections of Article VIII, Revised Statutes 1929, were repealed and new sections enacted abolishing the office of county treasurer in certain counties. In 1937 (Laws 1937, pp. 424, 426) the Act of 1933 was repealed and said office re-established in the several counties of the State.

The Act of 1937, Section 12130c provided that "on the Tuesday after the first Monday in November, 1940, and every four (4) years thereafter, there shall be elected by the qualified voters in all counties of this State, now or hereafter having a population of 40,000 or more inhabitants according to the last Decennial United States Census (except in counties having 75,000 and not more than 90,000 inhabitants), and in all counties of less than 40,000 inhabitants if under township organization, a county treasurer, who shall be commissioned by the County Court of his County, and who shall enter upon the discharge of the duties of his office on the first day of January next succeeding his election, and shall hold his office for a term of four years, and until his successor is elected and qualified, unless sooner

removed from office: *Provided,* that in counties having adopted or that shall hereafter adopt township organization, the term of office of said treasurer shall be extended to the first day of April next after the election of his successor. *Provided further,* that the present county treasurers shall remain in office until their successors are elected or appointed and qualified, unless sooner removed from office.''

Relator contends that under Clause 19, Section 655, Revised Statutes 1929, and under Section 14796, Revised Statutes 1929, the word ''county,'' as used in Section 12130, Revised Statutes 1929, and Section 12130c (Laws 1937, p. 426), includes the city of St. Louis, and for that reason 'the mayor of said city is without authority to fill the vacancy caused by the death of Menne. The said clause of Section 655 follows:

''Whenever the word 'county' is used in any law, general in its character to the whole state, the same shall be construed to include the city of St. Louis, *unless such construction be inconsistent with the evident intent of such law, or of some law specially applicable to such city.''* (Italics ours.)

And said Section 14796 follows:

''All acts and parts of acts which provide for the performance of any duty or trust by any county court in this state, shall also include the municipal assembly, and the mayor and comptroller of the city of St. Louis.''

We think that under said Clause 19 and said Section 14796 the word ''county'' as used in Section 12130, Revised Statutes 1929, and Section 12130c (Laws 1937, p. 426), includes the city of St. Louis. In other words, it does not appear to be ''inconsistent with the evident intent of'' said Sections 12130 and 12130c to construe the word ''county'' to include the city of St. Louis.

Even so, respondent directs attention to the constitutional provision authorizing a separation of the county and city. It is therein provided that the charter of the city supersedes all special laws relating to St. Louis County inconsistent with the scheme of separation. At the time of the separation there was a special law (permissible at that time) providing for the selection of a treasurer of St. Louis County. From this respondent argues that the charter provision providing for the appointment of a treasurer by the mayor superseded said special law with reference to St. Louis County and became a ''special law applicable to the city.'' And from this he argues that to construe the word ''county'' in Sections 12130 and 12130c to include the city would be inconsistent with said ''special law applicable to the city.''

In making said argument respondent misquotes Clause 19 of Section 655, Revised Statutes 1929. The word ''special'' is not used in said clause. It is therein provided that the word ''county'' shall be construed to include the city of St. Louis, unless such construction

be inconsistent with "some law specially applicable to such city." The words "some law specially applicable to such city" do not mean a "special law applicable to such city," as distinguished from a general law applicable to the State. The said words mean "some law specially applicable to such city" *in its corporate capacity.*

The section of the ordinance purporting to authorize the mayor to appoint a treasurer for the city is not a law specially applicable to such city in its corporate capacity. The treasurer of the city performs official duties relating to the city as a political subdivision and also performs official duties relating to the city in its corporate capacity.

The word "county," as used in Sections 12130 and 12130c, includes the city of St. Louis, and the mayor was without authority to appoint respondent to the office of treasurer of the city of St. Louis, and he should be ousted from said office. It is so ordered. All concur, except *Douglas, J.,* who dissents.