STATE OF MISSOURI at the Relation of JOHN J. DWYER v. LOUIS NOLTE, Comptroller of the City of St. Louis, a Municipal Corporation, Plaintiff in Error.—No. 37814.—172 S. W. (2d) 854.

Division Two, June 7, 1943.

Rehearing Denied, July 6, 1943.

*Joseph F. Holland,* City Counselor, and *Oliver Senti,* Associate City Counselor, for plaintiff in error.

*Louis B. Sher* for defendant in error.

274

LEEDY, P. J.—This case has reached the writer on re-assignment. In November, 1936, H. C. Menne was elected Treasurer of the City of St. Louis for a term of four years. Menne died in

August, 1938, and the Mayor of St. Louis, proceeding under Section 1, Article VIII of the Charter of St. Louis, appointed the relator, John J. [855] Dwyer, Treasurer to fill the vacancy and unexpired term. In quo warranto this court held that under the "scheme" (Secs. 20-26, Art. IX, Const. of Mo.) separating the city and county, the City of St. Louis became both a political subdivision of the state and a city in its corporate capacity; that the general statutes relating to county treasurers applied, and that the Mayor could not appoint the treasurer but that he must be elected. [State ex inf. McKittrick v. Dwyer, 343 Mo. 973, 124 S. W. (2d) 1173.] Meanwhile, and on November 8, 1938, Dwyer was elected Treasurer of the City of St. Louis for Menne's unexpired term.

Throughout this opinion, the defendant in error will be referred to as relator, and plaintiff in error as respondent, as they were designated in the trial court.

This is a proceeding in mandamus to compel the payment of relator's salary, as Treasurer, at the rate of $8,000.00 per annum, the sum fixed by Laws, 1939, p. 486 (now Sec. 7784, Mo. R. S. A.), from May 22, 1939, the effective date of said act, until the end of said unexpired term. Respondent contended said salary was $5,000.00 per annum. A salary of $5,000.00 was provided for both by Section 24, Art. XV of the Charter and by Section 1134 of the Revised Ordinances. The trial court found for the relator that he was entitled to the sum of $2,447.54, or the difference in the annual salary at $5,000.00 and $8,000.00 a year from May 22, 1939 (the effective date of Laws of Mo. 1939, p. 486) to March 15, 1940 (the date this action was filed), and that thereafter he was entitled to be paid on the basis of $8,000.00 per year.

The respondent Nolte, Comptroller of the City of St. Louis, contends that he is not entitled to receive the greater salary because it is an increase in his compensation during his term of office, within the meaning of, and in violation of, Section 8, Article XIV of the Constitution of Missouri. He also contends that the Municipal Assembly of the city was authorized to fix, and had fixed, the salary of the office at $5,000.00 by Sec. 1134 of the Revised Ordinances, and that the city was authorized to pass such ordinance by virtue of Section 23, Article IX of the Constitution of Missouri, and Section 15745, Mo. R. S. A., together with the general statutes relating to county treasurers, especially Section 13800, Mo. R. S. A., as it had a right to do and, therefore, the relator could not receive the increased compensation.

Section 23, Article IX of the Constitution of Missouri provides that the City of St. Louis shall "perform all other functions in relation to the State, in the same manner, as if it were a county as in this Constitution defined . . . ;" while Sections 15744 and 15745, Mo. R. S. A., provide that the municipal assembly of St. Louis

shall perform any act or duty which the law required to be performed by a county court. Section 13800, R. S. '39, [since amended] read as follows:

"Unless otherwise provided by law, the County Court shall allow the treasurer for his services under this article such compensation as may be deemed just and reasonable, and cause warrants to be drawn therefor."

Under Section 23, Article IX of the Constitution of Missouri and the statutes above referred to, there can be no doubt that the Municipal Assembly of St. Louis had the power to fix the compensation of the Treasurer at some "just and reasonable" sum. Among other reasons why his salary was not increased during his term of office in a constitutional sense, relator says the Municipal Assembly did not attempt to comply with Sec. 13800, supra, but that Sec. 1134 of the Revised Ordinances was enacted pursuant to Section 24, Article XV of the charter, which charter section is void. We are of the opinion that this ordinance shows on its face that it was passed pursuant to the charter provisions, and not pursuant to Sec. 13800. Section 24, Article XV of the charter, provides, among other things, that "he [Treasurer] shall receive a salary of five thousand dollars per annum." Sec. 1134, Revised Ordinances, is practically a verbatim copy thereof. It says, "The treasurer shall receive a salary of five thousand dollars per annum." Thus we see that the language of the ordinances follows the language of the charter. Prior to our ruling in State ex inf. McKittrick v. Dwyer, supra, the City of St. Louis took the position that the Treasurer was a city office, and was operating under the charter provisions in reference to the office of Treasurer, and not under the general statutes relating to county treasurers. It was therefore necessary for the ordinance (Sec. 1134, passed in 1931) to comply with the charter. Since the charter fixed the salary at $5,000.00 per annum, the Municipal Assembly had no discretion in the matter of fixing the salary, but was bound, under the city's position at the time, and did follow the charter in passing such ordinance, and [856] consequently fixed the salary at the rate specified in the charter, namely, $5,000.00.

As pointed out above, Sec. 13800 provides that the county court (in this instance, the Municipal Assembly) shall allow the treasurer such compensation "as may be deemed just and reasonable." In other words, the county court (or the assembly, as the case may be) in fixing such compensation must exercise its discretion. In the case of State ex rel. Dietrich v. Daues et al., 315 Mo. 701, 287 S. W. 430, this court said: "It requires no citation of authority to show that the power to prescribe a salary as an incident to a public office is purely legislative in character. That power, as respects the office of county treasurer, the Legislature has delegated to the county court, the agency most familiar with the fiscal affairs and financial condition of

the county, as well as the services required to be performed by the treasurer—which may vary in different counties and at different times in the same county. The only limitation upon the power is that the compensation allowed thereunder be such, as may be deemed just and reasonable. What is just and reasonable in a given case is committed to the discretion of the county court and to it only. Its action in the exercise of that discretion is not subject to judicial review, for the simple reason that neither the statute which confers the discretion nor any other makes it so.''

There is no showing that the compensation fixed by the ordinance in question was considered by the Municipal Assembly to be ''just and reasonable.'' Nor do we think that if said assembly had been attempting to comply with Sec. 13800 it would have been necessary to enact an ordinance for that purpose. It could have made an order, as was done in the Dietrich case. The order in that case recited that the salary fixed was just and reasonable. We do not mean to say that because the compensation was fixed by ordinance, and not by order, and that, when passed, there was no showing that the amount was considered ''just and reasonable'' conclusively shows that the assembly was not attempting to comply with Sec. 13800; but that these matters, when coupled with the further circumstance that the city was then attempting to operate under the charter provisions in relation to the office, and the fact that the ordinance did follow the charter provisions is sufficiently persuasive to justify the conclusion that the ordinance was not passed under the authority of the statute, and therefore there was no exercise of that discretion directed by the statute.

In the case of State ex inf. McKittrick v. Dwyer, supra, the issue was as to the validity of the charter provision giving the Mayor power to appoint the Treasurer. The provision was held void as in conflict with the general statutes in relation to the office of County Treasurers. For like reason, that part of the charter fixing the Treasurer's salary is void, it being repugnant to Sec. 13800. ''When the ordinances or charter provisions are or become in conflict with prior or subsequent state statutes, such ordinances or charter provisions are or become, void, and must yield to the higher law.'' [State ex rel. Volker et al. v. Carey, 345 Mo. 811, 136 S. W. (2d) 324. See, also, Tremayne v. City of St. Louis, 320 Mo. 120, 6 S. W. (2d) 935, and Sections 23 and 25, Article IX, Missouri Constitution.]

It follows that since Sec. 1134 of the Revised Ordinances was enacted pursuant to the void provision of the charter, the ordinance is likewise void. [Arkansas-Missouri Power Corp. v. City of Kennett, 348 Mo. 1108, 156 S. W. (2d) 913; Ballentine v. Nester, 350 Mo. 58, 164 S. W. (2d) 378.]

''A constitutional or statutory provision prohibiting a change of compensation after an election or appointment during the term of an officer does not apply where, prior to such time, no salary or com-

pensation has been fixed for the office. So a statute fixing the salary of an officer does not increase the salary during the term, where the law fixing the compensation at the time of election was invalid. Although it is the duty of a board to fix the salary before the beginning of the term, if it is not so fixed, it may be fixed thereafter. So, although it is the duty of a board to fix the salary of an office for the full term, where its order definitely limits it to a part·thereof, it is not estopped from thereafter fixing the salary for the balance of the term at a different amount." 46 C. J., sec. 262, p. 1025. (See, also, Arnold v. Sullenger, 200 Calif. 632, 254 Pac. 267.)

Since the Municipal Assembly, acting as a county court, did not fix the salary of the Treasurer under the provisions of Sec. 13800, it follows that there was no [857] valid legislative act fixing that salary until May 22, 1939, the effective date of Laws, 1939, p. 486, which fixed the salary at $8,000.00 per annum. No salary having been lawfully fixed at a lower figure at the beginning of the term to which relator was elected, we hold the Act of May 22, 1939, did not increase his salary during the term for which he was elected, and so Section 8, Article XIV of the Constitution of Missouri was not violated.

The judgment should be affirmed. It is so ordered. All concur.