**CITY OF INDEPENDENCE, MISSOURI, Respondent,**

v.

**Leora RICHARDS, Appellant.**

**No. WD 34212.**

Missouri Court of Appeals, Western District.

Oct. 18, 1983.

Rufus Burrus, W. Raleigh Gough, Independence, for appellant.

J. Scott King, Asst. City Counselor, Independence, for respondent.

Before SOMERVILLE, P.J., and SHANGLER and MANFORD, JJ.

SHANGLER, Judge.

The defendant Richards was cited by the City of Independence for unlawful maintenance of a building so damaged by fire as to become dangerous to the safety of persons, in violation of ordinance. The property owner was found guilty of the infraction in the municipal court and a trial de novo in the circuit court resulted in an adverse judgment anew.

The defendant does not dispute the sufficiency of the evidence for judgment, but contends that the city authority failed to conform to certain procedures precedent to a valid adjudication.

There was evidence that the roof of the garage on the owned premises was so impaired by fire as to pose a threat of injury to anyone on the premises. The roof was agape with holes and the timbers were so damaged as to render the entire structure unstable. The back wall of the garage was missing altogether. The conformation of the site was such that the roof of the garage was level with the yard. The owned premises were unoccupied, and the damaged garage structure was readily accessible to anyone. The code coordination administrator for the city, Proske, testified that his examination of the premises made evident that the roof would not support even the weight of a small child. On that occasion also he was informed by a neighborhood child that he and other boys kept things in the garage and played there.

The garage burned in September of 1981. Proske inspected the premises in October of 1981. Another city official took photographs of the premises about that time. The citation against the defendant issued on October 12, 1981. There was evidence that Proske spoke with the defendant shortly afterwards. The condition of the premises were unaltered almost a year later, in September of 1982, when the complaint against the defendant was tried in the circuit court. The defendant gave evidence that just the month before she had contracted for the roof to be removed, but the work had not yet begun.

The formal complaint served upon the defendant Richards alleged that she wilfully and unlawfully maintained a garage on the described premises which had been damaged by fire to the ceiling and roof so as to become dangerous to the safety and welfare of the people of the city and in violation of Chapter 4, Article 5, §§ 4.05.001 and 4.05.002 [205 A and 203 A(4)] and penalty ordinance Article 5, § 4.05.002 [205 C].

Section 4.05.001 of the City Code merely enacts the Uniform Building Code. The specific ordinance components charged by the complaint—§ 4.05.002 [205 A] and § 4.05.002 [203 A(4)]—provide

*205 A:*

It shall be unlawful for any person, firm or corporation to erect, construct, enlarge, repair, move, improve, remove, convert or demolish, equip, use, occupy, or *maintain* any building or structure in the City, or cause the same to be done, con-

trary to or in violation of any of the provisions of this Code, or other applicable ordinances, codes, rules or regulations promulgated thereunder which is enforced and administered by the Department. [emphasis added]

*203 A:*

All buildings or structures which have any of the following defects shall be deemed *"dangerous buildings"* provided that *such conditions or defects* exist to the extent that the *life, property, or safety of the public or its occupants are endangered* . . . (4) *Those which have been damaged by fire,* flood, wind or other causes *so as to have become dangerous* to life, safety, morals or the general health and welfare of the occupants of the City. [emphasis added]

The penalty § 4.05.002[205 C] provides for a fine of not more than $300 and by jail for not more than 90 days upon conviction of infraction.

The evidence, as we say, sufficiently proved the gist of the complaint—and hence infraction of the ordinances—that the defendant wilfully and unlawfully maintained a structure rendered dangerous to persons by reason of fire damage.

The defendant contends, however, that she was entitled to a notice and hearing before a municipal building official to determine the fact that the maintained garage was *dangerous* and, if so, whether the structure constituted a nuisance and thus subject to an enforced repair, restoration or demolition. The defendant argues that §§ 67.400 through 67.450 RSMo (1978) [and ordinances not cited in the complaint] mandate such a procedure precedent to conviction. These statutes and the ordinances enacted by their authority, however, enable a remedy quite other and apart from the penalty of the infraction cited by the complaint and proven by evidence. These statutes enable a city, town or village governed by a charter to enact ordinances [§ 67.400, RSMo 1978]

to provide for vacation and the mandatory demolition of buildings and structures or mandatory repair and maintenance of

such buildings or structures within the corporate limits of the city, town or village which are detrimental to the health, safety or welfare of the residents and *declared to be a public nuisance.* [emphasis added]

That is to say: these laws and the ordinances legislated in pursuance allow a municipality to compel repair or demolition of private property become a public nuisance and to burden the ownership with a special tax bill for the cost. The procedures of notice, hearing, and adjudication devised by the ordinances [directed by § 67.410, RSMo 1978] are simply the process due when government takes private property for the sake of the public safety—and then only on a precedent determination that structure constitutes a public nuisance.

The complaint lodged against the defendant is not that she harbors a public nuisance, but that she wilfully maintains a structure rendered dangerous to the public from fire damage. The remedy the complaint seeks is not an abatement of a nuisance by repair or destruction, but a penalty for infraction of an ordinance. The defendant does not contend that the municipality was not competent to enact such a measure to protect the public safety and welfare. Rather, she invokes a procedure irrelevant to the remedy and imposes a proof superfluous to the cause of action the complaint alleges.

The cases cited by the defendant: *City of Independence v. DeWitt,* 550 S.W.2d 840 (Mo.App.1977) and *State ex rel. Dwyer v. Nolte,* 351 Mo. 271, 172 S.W.2d 854 (1943) are not in point. *DeWitt* holds only that where a municipality has an adequate remedy at law to deal with dangerous buildings [as by the determination of nuisance delineated in the statute and ordinance], then the equitable remedy of injunction—there sought—does not lie. The complaint lodged against the defendant does not seek injunction, but penalty. *Dwyer* holds that an ordinance which conflicts with a statute is void. The defendant cites no statute which contradicts the ordinances the complaint enforces. The prosecution on the complaint

was regular and the judgment of infraction rests on substantial evidence.

The judgment is affirmed.

All concur.