Dear Representative Ribaudo:
This is in response to your request for an opinion asking:
 Are the provisions of Sections 1 of HCS SS SB 250 as enacted by the 82nd General Assembly, permitting the St. Louis Board of Aldermen to grant additional compensation to certain officials of the City, constitutional.
It is the general policy of this office not to opine on the constitutionality of statutes. See Gershman Inv. Corp. v.Danforth, 517 S.W.2d 33 (Mo. banc 1974). However, this question involves the application of the opinion of the Supreme Court of Missouri in Frances Baumli v. Howard County, et al., No. 64886, filed November 22, 1983, motion for rehearing denied December 20, 1983, a case with which this office is familiar and in which the Attorney General was a party. As such, your question is one seeking an interpretation of statute, not an opinion as to the constitutionality of a statute.
The language in Baumli that has caused some confusion states:
 Article III, section 39(3), of the 1945 Missouri Constitution indicates the strictly limited authority of the legislature in connection with the appropriation of funds for compensation. This section prevents the state from retroactively awarding retirement benefits to a former judge. State ex rel. Cleaveland v. Bond, 518 S.W.2d 649 (Mo. 1975). It prohibits a municipality from modifying partially performed service contracts. Kizior v. City of St. Joseph, 329 S.W.2d 605 (Mo. 1959). It forbids the delegation of the legislative authority to fix additional compensation to non-legislative branches of government. City of Springfield v. Clouse, 206 S.W.2d 539, 545 (Mo. banc 1947). Because the legislature is so closely checked in its capacity to award extra compensation to public officers, the legislature cannot divest itself of its power by delegation in an effort to circumvent those checks. See St. Louis F. F. Ass'n Local No. 73 v. Stemmler, 479 S.W.2d 456, 465 (Mo. banc 1972), Seiler, J., dissenting; State ex rel. Rothrum v. Darby, 137 S.W.2d 532, 536 (Mo. 1940). Insofar as the statutes in question seek to transfer the power to grant additional compensation to the local level, the statutes conflict with the constitution. On this ground, too, they must fall.
Slip Op. at 4.
Section 1 of H.C.S.S.S.S.B. 250, 1983 Mo. Legis. Service 1026, 1031 (Vernon's), states:
 Because of the additional duties which have been imposed on the circuit clerk, license collector, sheriff, circuit attorney, collector of revenue, treasurer, and recorder of deeds in cities not within a county by such cities, the board of aldermen of any such city, upon the approval of the board of estimate and control of any such city, may pay such officials an additional sum in an amount to be determined by the board; except that, the total compensation for any of such officials shall not exceed fifty thousand dollars per year. The additional compensation allowed under this section shall be in addition to other compensation provided by law for such officials and shall be paid in the same manner as such other compensation. [Emphasis added.]
The City of St. Louis is a unique governmental entity. Article VI, Section 31, Missouri Constitution, states:
 The city of St. Louis, as now existing, is recognized both as a city and as a county unless otherwise changed in accordance with the provisions of this constitution. As a city it shall continue for city purposes with its present charter, subject to changes and amendments provided by the constitution or by law, and with the powers, organization, rights and privileges permitted by this constitution or by law.[1]
In State ex rel. Dwyer v. Nolte, 351 Mo. 271, 172 S.W.2d 854
(1943), the issue before the court was the proper salary of the Treasurer of the City of St. Louis. The court determined that the Treasurer was to be compensated pursuant to Section 13800, RSMo 1939, which authorized the county courts to pay the county treasurers "such compensation as may be deemed just and reasonable, . . ." The court stated:
 "It requires no citation of authority to show that the power to prescribe a salary as an incident to a public office is purely legislative in character. That power, as respects the office of county treasurer, the Legislature has delegated to the county court, the agency most familiar with the fiscal affairs and financial condition of the county, as well as the services required to be performed by the treasurer — which may vary in different counties and at different times in the same county. The only limitation upon the power is that the compensation allowed thereunder be such as may be deemed just and reasonable. What is just and reasonable in a given case is committed to the discretion of the county court and to it only. Its action in the exercise of that discretion is not subject to judicial review, for the simple reason that neither the statute which confers the discretion nor any other makes it so."
Nolte, 172 S.W.2d at 856 (quoting, State ex rel. Dietrich v.Daues, 315 Mo. 701, 287 S.W. 430, 431-432 (banc 1926)).
The Nolte case clearly shows that the General Assembly may delegate to the Board of Aldermen of the City of St. Louis the authority to exercise discretion in the setting of salaries. SeeSlater v. City of St. Louis, 548 S.W.2d 590, 592 (Mo.App. 1977). Accordingly, we believe the above-quoted dicta in Baumli should not be read as invalidating Section 1 of H.C.S.S.S.S.B. 250,supra.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] The Baumli decision construes Article VI, Section 11, Missouri Constitution. The predecessor of this constitutional provision, Article IX, Section 2, Missouri Constitution (1875) has been applied to the City of St. Louis. E.g., Henderson v. Koenig,168 Mo. 356, 68 S.W. 72 (1902), overruled on other grounds, Stateex rel. Buchanan County v. Imel, 242 Mo. 293, 146 S.W. 783, 784-785
(banc 1912). We find Article VI, Section 11, Missouri Constitution, to be inapplicable to the City of St. Louis for a number of reasons.
First, the 1875 predecessor of Article VI, Section 11, Missouri Constitution, did not have an exception for counties which frame, adopt and amend a charter for their own government, as does the present version of the Constitution. The City of St. Louis has a charter form of government. See Article VI, Sections 31-33, Missouri Constitution.
Second, the City of St. Louis is not a de jure county.Stemmler v. Einstein, 297 S.W.2d 467 (Mo. banc 1956). Article VI, Section 11, Missouri Constitution, applies to counties only.
Third, assuming arguendo that the charter of the City of St. Louis does not exempt it from Article VI, Section 11, Missouri Constitution, and that the City of St. Louis is a "county" for purposes of this constitutional provision, the City of St. Louis is in a class by itself, and this pursuant to constitutional authority. State ex inf. Gentry v. Armstrong, 315 Mo. 298,286 S.W. 705, 707 (banc 1926); State ex rel. McClellan v. Godfrey,519 S.W.2d 4, 7 (Mo. banc 1975). Article VI, Section 11, Missouri Constitution, requires uniformity only in each class of county.