**LACLEDE COUNTY, Missouri, Appellant,**

v.

**Lowell DOUGLASS, Commissioner, Eastern District, and Rick Wolken, Commissioner, Western District, Respondents.**

No. SC 83050.

Supreme Court of Missouri, En Banc.

May 15, 2001.

Richard L. Schnake, Springfield, Jon A. Morris, Laclede County Pros. Atty., Lebanon, for Appellant.

Darrell Deputy, Jr., Lebanon, for Respondents.

STEPHEN N. LIMBAUGH, Jr., Judge.

Laclede County appeals from a judgment of the circuit court upholding the constitutionality of section 50.333.13, RSMo Supp. 1999, which purports to authorize a midterm increase in salaries of county commissioners, including respondents, who were elected to four-year terms in 1996. Appellant contends that section 50.333.13 violates the Missouri Constitution article VII, section 13, which prohibits increases in the compensation of officeholders during the term of office. Because the validity of a statute is challenged, this Court has exclusive appellate jurisdiction. Mo. Const. art. V, sec. 3. The judgment is reversed.

The facts are not in dispute. Until 1995, the term of office for associate county commissioners, under section 49.020, RSMo 1994, was two years. But in 1995 the legislature amended section 49.020 by extending the term of office for associate county commissioners elected in 1996, and in subsequent years, to four years. Thereafter, in 1996, respondents Lowell Douglas and Rick Wolken were elected associate county commissioners for Laclede County. Both respondents had already held that office for two-year terms, having first been elected in 1994, but the 1996 election resulted in a new four-year term.

Since 1987, the salaries of Laclede County officeholders had been set, according to statutory guidelines, by a county salary commission as required under section 50.333, RSMo Cum. Supp. 1987. In 1997, after respondents commenced their four-year terms, the legislature amended section 50.333 by adding a new subsection 13, which states in pertinent part:

At the salary commission meeting in 1997 which establishes the salaries for those officers to be elected at the general election in 1998, the salary commission of each noncharter county may provide salary increases for associate county commissioners elected in 1996. This one-time increase is necessitated by the change from two- to four-year terms for associate commissioners pursuant to house bill 256....

Sec. 50.333.13. Acting under that new subsection, the Laclede County salary commission approved an increase in respondents' compensation, effective in 1999. Appellant then filed a petition for declaratory judgment challenging the constitutionality of both section 50.333.13 and of the midterm increase in respondents' compensation. The trial court upheld the statute, and this appeal followed.

■ The standard of review for a declaratory judgment is the same as that established in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), for court-tried cases: "[T]he trial court's decision should be affirmed unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Guyer v. City of Kirkwood*, 38 S.W.3d 412, 413 (Mo. banc 2001).

■ Appellant argues that section 50.333.13 violates article VII, section 13, of the Missouri Constitution by authorizing an increase in the compensation of county officers during their term in office. Respondents' position, consistent with the trial court's holding, is that the 1996 increase in their term of office from two years to four is an additional duty of the office, which, under this Court's precedents, removes the statute from the prohibition against midterm increases in compensation.

Article VII, section 13, provides:

**Limitation on increase of compensation and extension of terms of office.**

The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.

■ Despite its plain language, the Constitutional prohibition against midterm increases in compensation is not absolute. In *Mooney v. County of St. Louis,* 286 S.W.2d 763, 766 (Mo.1956), this Court recognized that an exception exists where additional duties, extrinsic or not germane to the office, have been imposed in conjunction with the increase in compensation. Although respondents emphasize that in enacting section 50.333.13, the legislature expressly conjoined the salary increase to the extension of the associate commissioners' term for officeholders elected in 1996, it does not follow, as respondents contend, that the extension of the term constitutes an additional duty. The length of the term of office is not a "duty" at all. Even if it were, the legislature established the new "duty"—the two-year extension of the term of office—before respondents were elected to the full four-year term in 1996. Thus, there was no new "duty" imposed within the term of office that would justify a midterm increase in compensation. Under either analysis, the exception for additional duties is not applicable.

This is not a case like *Hawkins v. City of Fayette,* 604 S.W.2d 716 (Mo.App.1980), cited by respondents, in which after the election there were in fact additional duties required of the officeholder (the mayor)—duties that included, for example, preparing the annual budget, applying for federal and state grants, and supervising city employees. Nor does it appear that other exceptions to the prohibition against midterm increases in compensation apply to the case. *See, e.g., State ex rel. Dwyer v. Nolte,* 351 Mo. 271, 172 S.W.2d 854, 856–57 (Mo.1943) (explaining that the constitutional prohibition does not apply when no compensation was fixed for the office at the commencement of the term, because nonexistent compensation cannot be increased); *State ex rel. Moss v. Hamilton,* 303 Mo. 302, 260 S.W. 466, 469–70 (Mo. banc 1924) (holding that a midterm increase resulting merely from application of a statutory formula for calculating compensation is not unlawful where the formula was enacted before the officer was elected). The provisions of article VI, section 11, of the Missouri Constitution are likewise inapplicable. That section states, in pertinent part:

1. . . . A law which would authorize an increase in the compensation of county officers shall not be construed as requiring a new activity or service or an increase in the level of any activity or service within the meaning of this constitution.

* * *

2. Upon approval of this amendment by the voters of Missouri the compensation of county officials, or their duly appointed successor, elected at the general election in 1984 or 1986 may be increased during that term in accordance with any law adopted by the general assembly or, in counties which have adopted a charter for their own government, in accordance with such charter, notwithstanding the provisions of section 13 of article VII of the Constitution of Missouri.

When the subsections are read together, as intended, their application is limited to county officers elected in 1984 or 1986, and to any increase in compensation provided by law to those officers during their terms.

In conclusion, this Court holds that section 50.133.13 is invalid because it violates article VII, section 13, which prohibits midterm increases in the compensation of state, county and municipal officers. Consequently, the action of the Laclede Coun-

ty salary commission increasing respondents' compensation is also invalid.

The judgment is reversed.

All concur.