Steve EHLMANN, et al., Appellants,

v.

Honorable Jeremiah W. (Jay) NIXON,
et al., Respondents.

No. SC 90522.

Supreme Court of Missouri,
En Banc.

Oct. 26, 2010.

Robert E. Hoeynck and Joann Leykam,
St. Charles County Counselor's Office, St.
Charles, for Appellant, St. Charles County
officials.

Patricia Redington and Cynthia Hoemann, St. Louis County Counselor's Office, Clayton, for Appellant, St. Louis County.

Robert Presson, Attorney General's Office, Jefferson, for the state officials.

Heidi Doerhoff Vollet, Dale C. Doerhoff, Cook, Vetter, Doerhoff & Landwehr PC, Jefferson City, for Respondents, the Missouri Sheriff's Association and a deputy sheriff.

RICHARD B. TEITELMAN, Judge.

The issue in this case is whether House Bill (HB) 2224 passed by the 94th General Assembly violates article X, section 10(a) of the Missouri Constitution by imposing a tax on counties for a county purpose. The trial court entered a judgment holding that HB 2224 did not violate the state constitution. The judgment is affirmed.

*FACTS*

Plaintiffs filed a petition for declaratory judgment challenging the constitutional validity of HB 2224.[1] HB 2224 enacted section 57.278.1, which creates in the state treasury a "Deputy Sheriff Supplementation Fund." The fund consists of money collected from a $10 charge "for service of any summons, writ, subpoena, or other order of the court" that is in addition to the $20 charge imposed by section 57.280.1 prior to the effective date of HB 2224. Section 57.280.4. The additional $10 charge is "paid into the county treasury and the county treasurer shall make such money payable to the state treasurer," who is required to "deposit such moneys in the deputy sheriff supplementation fund created under section 57.278." *Id.* The money in the fund can be used only for supplementing the salaries and benefits of county deputy sheriffs. Section 57.278.1. The fund cannot be used to credit the state general fund, and all interest earned on the fund "shall be credited to the fund." Section 57.278.2. The Missouri Department of Revenue has deposited into the fund money received from counties from the new $10 charge imposed by HB 2224. There have been no expenditures from the fund.

Plaintiffs filed suit and asserted that HB 2224 violated several provisions of the Missouri Constitution. The circuit court determined that HB 2224 did not violate any of the state constitutional provisions the plaintiffs identified. As pertinent to the issue on appeal, the circuit court held that money in the fund was state money and, therefore, the transfer of money from the county treasury to the state treasury did not constitute a tax on county funds in violation of article X, section 10(a). Plaintiffs appeal the circuit court's judgment to the extent it holds that HB 2224 does not violate article X, section 10(a).

*ANALYSIS*

I. *Standard of Review*

The issue of whether a statute is unconstitutional is a question of law subject to de novo review. *City of Arnold v. Tourkakis*, 249 S.W.3d 202, 204 (Mo. banc 2008). Statutes are presumed to be constitutional. *State v. Kinder*, 89 S.W.3d 454, 459 (Mo. banc 2002). Therefore, a statute "will not be invalidated unless it 'clearly and undoubtedly' violates some constitutional provision and 'palpably affronts fundamental law embodied in the constitution.'" *Board of Educ. of City of St. Louis v. State*, 47 S.W.3d 366, 368–69

1. The plaintiffs are St. Charles County; St. Louis County; Steve Ehlmann, the county executive of St. Charles County; Charlie A. Dooley, the St. Louis County county executive; and Charles R. Gross, the St. Charles County director of administration.

(Mo. banc 2001) (internal citations omitted).

## II. *Article X, section 10(a)*

Article X, section 10(a) of the Missouri Constitution provides:

> Except as provided in this Constitution, the general assembly shall not impose taxes upon counties or other political subdivisions or upon the inhabitants or property thereof for municipal, county or other corporate purposes.

■ Plaintiffs' argument is premised on the assertion that the funding mechanism established by HB 2224 constitutes a tax. The money collected and distributed pursuant to HB 2224 is only a "tax" if the money belonged to the county when it was collected. If, as the circuit court held, the money collected is state money, then plaintiffs cannot establish that HB 2224 imposes a tax on counties. If there is no tax, there is no violation of article X, section 10(a).

There are two aspects of the $10 charge that demonstrate that HB 2224 does not create an unconstitutional tax on counties. First, and most importantly, the plain language of HB 2224 establishes that the $10 charge is classified as state money from the time it is collected. The money for the fund comes from the $10 charge for service of certain court documents. Section 57.280.4. The $10 charge is collected by the sheriff and paid into the county treasury. The county treasurer has no discretion with respect to the money received pursuant to section 57.280.4 and "shall make such money payable to the state treasurer." *Id.* The plain language of the statutory provisions enacted by HB 2224 demonstrates that the funds collected are state money.

■ Second, the $10 charge is not consistent with the characteristics of a tax. Taxes are "proportional contributions imposed by the state ... for the support of government and for all public needs." *City of Jefferson v. Missouri Dept. of Natural Resources,* 863 S.W.2d 844, 850 (Mo. banc 1993)(quoting *Leggett v. Missouri State Life Insurance Co.,* 342 S.W.2d 833, 875 (Mo. banc 1960)). Taxes are not payments for a special privilege or a special service rendered. *Id.* Fees or charges prescribed by law to be paid to public officers for services rendered in connection with a specific purpose are generally not taxes, unless the purpose is to raise revenue to be paid into the general fund of the government to defray customary governmental expenditures. *Id.* Consistent with *City of Jefferson* and *Leggett,* the $10 charge here is collected in exchange for a specific service; the money collected cannot be used to credit the state general fund. Section 57.278.2. The $10 charge collected by the sheriffs is not a tax.

To avoid this conclusion, plaintiffs argue that this Court must interpret HB 2224 *in pari materia* with other statutes governing court costs and fees collected by county officers.[2] Specifically, plaintiffs argue once the $10 charge imposed by HB 2224 is deposited into the county treasury, the money becomes county money pursuant to section 50.340. Plaintiffs further support this argument by asserting that that several statutes in chapter 488 establish that the $10 charge is a fee that must be handled pursuant to section 50.340.

■ The flaw in this argument is that the provisions of HB 2224 are clear and unambiguous. HB 2224 plainly provides

---

**2.** Section 50.340, which provides that all "fees ... and charges imposed by law and collected by [county officers] shall be paid into the county treasury and become the property of the county." Chapter 488 deals with charges and court costs.

that the new $10 charge for service is wholly separate from other charges received by sheriffs and other county officials. When statutes are clear and unambiguous, courts do not resort to rules of statutory construction. *MC Development Co. v. Central R–3 School Dist. of St. Francois County,* 299 S.W.3d 600, 604 (Mo. banc 2009). HB 2224 establishes a new charge for serving certain court documents and specifically and unequivocally directs that the money collected belongs to the fund. The county treasury is simply a conduit to the state treasury and, ultimately, the fund. Consequently, plaintiffs' claim that HB 2224 imposes an unconstitutional tax on the county must fail as a matter of law.

The judgment is affirmed.

All concur.