Dear Senator Brown:
This opinion is in response to your request regarding whether the Phelps County Commissioners must comply with § 56.265, RSMo 2000, and pay the prosecutor the same pay increases given to the associate circuit judges in 2007, 2008, and 2009.
The facts you provided state that the Phelps County Commissioners have refused to give the Phelps County Prosecutor the same pay increase given to associate circuit judges, because the commissioners think it is an unconstitutional midterm pay increase. We assume that Phelps County is a non-chartered third-class county.
"Statutes are presumed to be constitutional. Therefore, a statute will not be invalidated unless it clearly and undoubtedly violates some constitutional provision and palpably affronts fundamental law embodied in the constitution." Ehlmann v.Nixon, 323 S.W.3d 787, 788 (Mo. banc 2010). *Page 2 
"The seminal rule of statutory construction is to ascertain the intent of the legislature from the language used and to consider the words used in their plain and ordinary meaning." Turner v.School Dist. of Clayton, 318 S.W.3d 660, 665 (Mo. banc 2010). "When statutes are clear and unambiguous, courts do not resort to rules of statutory construction." Ehlmann v. Nixon,323 S.W.3d at 790.
Article VII, § 13, Mo. Const., states: "The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended." The purpose of this provision is "to prevent persons while possessed of the prestige and influence of official power from using that power for their own advantage. . . ." State ex rel. Scobee v.Meriwether, 200 S.W.2d 340, 341 (Mo. banc 1947). County prosecuting attorneys are county officers within the meaning of this section because they are elected officials who are delegated state power to prosecute individuals for breaking the law. Stateex rel. Webb v. Pigg, 249 S.W.2d 435, 437-38 (Mo. banc 1952) (a person is an officer under this provision if he or she has been delegated some sovereign power to exercise with some continuity within the bounds of the law).
"Despite its plain language, the Constitutional prohibition against midterm increases in compensation is not absolute."Laclede County, v. Douglass,43 S.W.3d 826, 828 (Mo. banc 2001). There are at least three exceptions to this prohibition: where the increase of pay is due to imposing additional duties on the officer, where no compensation had been authorized before the officer's term began, and where a statutory formula authorizing the midterm salary increases was passed before the officer was elected. Id.; Maxwell v. DaviessCounty, 190 S.W.3d 606, 612, note 6 (Mo. App. W.D. 2006). The first two exceptions do not apply here. But, if the prosecuting attorney's salary is set by a formula that provides for an annual increase in the salary, then Art. VII, § 13, Mo. Const, is not violated if the prosecutor's salary is increased midterm by operation of the formula.
Generally, the salary of every county officer in a non-chartered county is set by the salary commission of that county, and is fixed for the officer's entire term before that term begins. § 50.333.6, RSMo. But there is a separate statute that controls the prosecutor's salary in non-chartered counties: § 56.265.1(1), RSMo, 2000, which provides that "a full-time prosecutor . . . shall receive compensation equal to the compensation of an associate circuit judge." This statute does not contain a formula to compute *Page 3 
the actual dollar amount of the prosecutor's salary. But it does contain the formula: "prosecutor's salary equals associate circuit judge's salary." This declaration satisfies the purpose of Article VII, § 13, Mo. Const., to prevent elected officers from using their influence to vote themselves pay increases, because, as shown below, prosecutors are excluded from having any say in how judicial salaries are computed.
Salaries for judges are computed by the Missouri Citizens' Commission on Compensation for Elected Officials, established by Art. XIII, § 3, Mo. Const.[1] This provision provides, in pertinent part, as follows:
 1. Other provisions of this constitution to the contrary notwithstanding, in order to ensure that the power to control the rate of compensation of elected officials of this state is retained and exercised by the tax paying citizens of the state, . . . no elected state official, member of the general assembly, or judge, except municipal judges, shall receive compensation for the performance of their duties other than in the amount established for each office by the Missouri citizens' commission on compensation for elected officials established pursuant to the provisions of this section. . . .
 8. The commission . . . every two years . . . shall fix the compensation for each respective position. . . . The schedule of compensation shall become effective unless disapproved by concurrent resolution adopted by a two-thirds majority vote the general assembly . . . The schedule shall apply and represent the compensation for each affected person beginning on the first day of July following the filing of the schedule.
Art. XIII, § 3, Mo. Const. No prosecutor may serve on the commission while in office, because a prosecutor is an elected official of a political subdivision, and subsection 3 provides: ". . . no state official, no member of the general *Page 4 
assembly, no active judge of any court, no employee of the state or any of its institutions, boards, commissions, agencies or other entities, no elected or appointed official or employee of anypolitical subdivision of the state, and no lobbyist as defined by law shall serve as a member of the commission" (emphasis added). Because prosecutors have no power to control the salary decisions of the Missouri Citizens' Commission, because the Commission controls the salaries of judges, and because the prosecutor's salaries are equal to the salaries of associate circuit judges, the purposes of Art. VII, § 13, Mo. Const., are met.
Further, because Art. XIII, § 3, Mo. Const., begins with the phrase, "Other provisions of this constitution to the contrary notwithstanding," to the extent Art. VII, § 13, Mo. Const., conflicts with this section, this section controls. Weinstock v.Holden, 995 S.W.2d 411, 410 (Mo. banc 1999).[2] Therefore, if the legislature allows the Commission's salary recommendations to take effect, those recommendations are effective whether or not a state office, legislator, or judge is beginning a new term or in the midst of a term.
A prosecutor does not seem to be considered an "elected state official" within the meaning of Art. XIII, § 3, Mo. Const. — even though prosecutors are elected, represent the State of Missouri, and have power delegated by the State to prosecute those who violate state laws — because their power is" not coextensive with the geographic boundaries of the state of Missouri, only with the particular county in which they were elected. See Missouri Prosecuting Attorneys v.Barton County, 311 S.W.3d 737, 747, 752 (Mo. banc 2010) (majority and one dissenting opinion consider prosecutors to be "county officers" under Mo. Const. Art. VI, § 13); Weinstock v.Holden, 995 S.W.2d at 414, Appendix G, RSMo Cum. Supp. 2009 (listing salary for "statewide" officials),State ex rel. Webb v. Pigg,249 S.W.2d at 437-38 (defining state official). Therefore, the Commission does not directly set their salaries, and the provision that allows the Commission to raise salaries midterm does not directly apply to prosecutors. Also, § 56.265, RSMo 2000, cannot, by itself, *Page 5 
give prosecutor's midterm salary increases, because it is only a statute, and therefore cannot overcome the constitutional prohibition against midterm salary increases in Art. VII, § 13, Mo. Const. However, because the statute has a formula that equates prosecutor's salaries with judicial salaries, and because, as shown above, prosecutors cannot use their position to increase their salaries, giving prosecutors a midterm salary increase pursuant to § 56.265, RSMo 2000, is permissible under Art. VII, § 13, Mo. Const. See State ex rel. Scobee v.Meriwether, 200 S.W.2d at 341.
 CONCLUSION
Under § 56.265, RSMo 2000, a prosecutor in a non-chartered county must be given the same pay increases provided to associate circuit judges, even if it results in a midterm increase in salary, because the increases are provided pursuant to a formula that existed before the prosecutor was elected, and the prosecutor has no power to control the fixing of judicial salaries.
[1] This provision was passed in 1994 and amended in 2006.
[2] Art. XIII, § 3, Mo. Const., was also passed almost 120 years later and is more specific than Art. VII, § 13, Mo. Const., so it would control over that section in any event. South MetropolitanFire Protection Dist. v. City of Lee's Summit,278 S.W.3d 659, 666 (Mo. banc 2009) (where two provisions conflict, latter statute is considered an exception to the earlier provision);Turner v. School Dist. of Clayton, 318 S.W.3d at 668 (where provisions conflict, specific provision prevails over general provision). *Page 1